Van Buren *v.* Loper.

[ERIE GENERAL TERM, May 16, 1859.   *Greene, Marvin* and *Davis,* Justices.]

VAN BUREN *vs.* LOPER.

A buggy wagon, used in his professional business by a practicing physician, who is a householder, and has a family for which he provides, is exempt from levy and sale, by virtue of an execution issued upon a judgment recovered for the purchase money.

MOTION for a new trial, on exceptions first heard at a general term.   The action was for the value of a horse converted by the defendant.   The plaintiff purchased of one

Van Buren *v.* Loper.

Garret a buggy wagon, for the price of which he gave his promissory note. The defendant purchased the note, and obtained a judgment upon it, and took the horse by virtue of an execution issued upon the judgment; and this was the conversion complained of. The plaintiff was a householder, and had a family, for which he provided. He was a practicing physician, and used the horse and buggy wagon in his professional business. The value of the personal property of the plaintiff did not exceed $150. The court directed a verdict for the defendant, and the plaintiff's counsel excepted.

*A. Sawin,* for the plaintiff.

*Hopkins & Halbert,* for the defendant.

*By the Court,* MARVIN, J. The question is, was the buggy wagon exempt from levy and sale by virtue of the execution? It was the horse that was taken and converted by the defendant; but as the execution was issued upon a judgment recovered on a note given as the consideration for the buggy wagon purchased by the plaintiff, the horse, as a team, was not exempt, provided the buggy wagon was exempt. (*Laws of* 1842, *ch.* 157.)

This act exempts necessary household furniture and *working tools and team* owned, &c., the value not to exceed $150. There have been several decisions upon this statute, but no more than two or three that can be said to be in point. In *Quackenbush* v. *Danks,* (1 *Denio,* 128; *S. C.* 1 *Comst.* 129,) it was *assumed* that a horse and harness used by the owner with another horse not his, were exempt. In *Morse* v. *Keyes,* (6 *How. Prac. Rep.* 18,) it was held, at general term, Justice Cady delivering the opinion, that a one horse lumber wagon, owned by one who was a mason by trade, and who was a householder, and provided for a family, &c., was not exempt. It was held that "working tools and team" did not include a one horse lumber wagon. This case was decided in 1851. In

*Eastman* v. *Caswell,* (8 *How. Prac. Rep.* 75,) the question was, whether a one horse gig wagon, owned by a practicing physician, and used in his country practice, was exempt, *he* being within the statute. The justice held it exempt. The county court reversed the judgment, and the supreme court affirmed the judgment of the county court; upon the ground, however, that the justice had erred in other respects. Pratt, J., who gave the opinion of the court, said he had no doubt that within the liberal construction which had always been given to the exemption statutes, the wagon in question was exempt from levy and sale on execution. The case shows that the attention of the court was called to *Morse* v. *Keyes,* (*supra,*) though the judge does not, in his opinion, refer to it.

In *Wheeler* v. *Cropsey,* (5 *How. Prac. Rep.* 288,) it was held at general term, Parker, J., giving the opinion of the court, that the horse of a country physician, whose patients reside at too great a distance to be visited on foot, is a " necessary team," and as such exempt from execution, under the act of 1842.

In *Harthouse* v. *Rikers,* (1 *Duer,* 606,) it was held that a carman's " horse, harness and cart" were exempt, the carman being within the statute; that is, being a householder, &c., &c. That they all came within the definition of the term *team.* The opinion was given by Bosworth, J., after consulting all the other judges of the court. It is very well reasoned, and I do not see why the reasoning is not applicable to the present case. The carman used the horse, harness and cart as a means of supporting his family. They constituted his team. In the present case, the plaintiff purchased the buggy wagon, to be used by him in his " medical profession," and it was so used. Suppose a country physician is unable to travel on foot, or ride on horseback, but can visit his patients in a buggy or wagon, will not the horse, harness and buggy, or wagon, be regarded as much his team as in the case of the carman, or the horse of the country physician, who can visit his patients by means of the horse only?

Hess *v.* Buffalo and Niagara Falls R. R. Co.

I think the weight of authority is in favor of the position in this case that the buggy wagon was exempt from levy and sale on execution. A new trial should be denied, with costs, and the defendant should have judgment upon the verdict.

[ERIE GENERAL TERM, May 16, 1859. *Greene, Marvin* and *Davis*, Justices.]