Scott v. Morning.

---

## A. J. Scott v. Samuel Morning, *et al.*

PLEADINGS; *Failure to Reply; Judgment on Pleadings.* Where a plaintiff in an action on a note and mortgage, sets forth in his petition that S., one of the defendants who did not execute said note or mortgage, claims to have some interest in the mortgaged property, but that whatever interest he may have therein is junior and inferior to the mortgage-lien; and S. answers, setting forth in his answer in detail, that he is the absolute and exclusive owner of the mortgaged property, showing how he became the owner thereof; that the mortgagors never had any interest in the mortgaged property, and therefore that the mortgage is void as against him, and no reply is filed by the plaintiff to this answer, and the court, on motion of the plaintiff, rendered judgment on the pleadings in favor of the plaintiff and against all the defendants, *held,* that said judgment is erroneous as against S.

*Error from Cherokee District Court.*

FORECLOSURE, commenced by *Morning* against Charles Harmon, Almira Harmon and *T. M. Harmon,* as makers of a promissory note, and said *T. M. H.* and *Margaret* his wife

32 — 18 KAS.

as mortgagors, and against *Scott* as a subsequent incumbrancer. The note and mortgage were executed, and dated "January 10th 1871." *Scott* answered, claiming to be the owner in fee of the mortgaged lands, alleging that said lands were patented in May 1870, and that he purchased the same in 1874 from the patentees, and denying that the mortgagors (defendants *T. M. Harmon* and wife,) ever had any title to or interest in said lands. He also denies that the mortgage is a lien on the lands, alleges that said mortgage is a cloud upon his title, and asks to have the mortgage adjudged void, and canceled. Afterward said *T. M. Harmon* filed what he called an "answer," (evidently an answer to *Scott*, treating *Scott's* answer as a cross-petition,) admitting the execution of the note and mortgage on 10th January 1871, and alleging that on the 13th of February 1871, he (said *T. M. H.*) together with his wife sold and conveyed said land to *Scott* for $1,000, and that *Scott* as a part of his contract of purchase, and as part payment of said $1,000 purchase-money, promised and agreed to pay said note and mortgage then held by *Morning*, and that in pursuance of said contract *Scott* did pay to *Morning*, in November 1872, $500 on said note. To this answer, *Scott* filed a reply. The action came on for trial at the October Term 1875. The journal entry reads as follows:

(*Title.*) "And now comes the said plaintiff, by Kelso & Barnes his attorneys, and the said Thomas M. Harmon by H. G. Webb and W. B. Glasse his attorneys, and the said A. J. Scott by J. N. Ritter his attorney; and thereupon this action came on for trial, upon the petition of the said plaintiff, the answers of the said defendants Thomas M. Harmon and A. J. Scott, and the reply of said Scott to the answer of said Harmon; and the said plaintiff by his said attorneys moved for judgment upon said pleadings, and said motion was argued by counsel for plaintiff, and defendants T. M. Harmon and Scott; and the court being sufficiently advised in the premises, finds that the several averments in said petition are true as therein averred, and that there is due and unpaid upon the note therein described the sum of $652.95," etc.

Upon the findings the court gave a personal judgment, in

favor of *Morning* and against defendants Charles, Almira, and *T. M. Harmon,* and decreed a foreclosure of the mortgage and sale of the mortgaged premises. *Scott* alone appeals, bringing the case here on error, and he joins *Morning* and all the *Harmons* as defendants in error.

*John N. Ritter,* for plaintiff in error, contended, that as the allegations of the petition of Morning, and the answer of T. M. Harmon, were all denied by Scott, except those specially admitted, and as the allegations of Scott's answer of reply were not denied, they were to be taken as true, and showed the paramount title in Scott, freed from any lien of the Harmon mortgage. Scott is not estopped from denying the title of the mortgagors to said land, he having procured all the title to said land both legal and equitable from the patentees. When the vendee of a mortgagor purchases in an outstanding paramount title of a third person, the purchase does not inure to the benefit of the mortgagee; 38 Ala. 345. Admitting, for the purposes of this case, that the mortgagee, Morning, could upon the mortgage maintain an action to foreclose and sell any title to said land which Scott derived from the mortgagors, (Harmon and wife,) and that Scott stands no better than they in that respect, yet the court will see by the pleadings, that neither of the mortgagors had any title either legal or equitable to said land, and hence there was no interest to sell, and none to foreclose.

*W. C. Webb,* for defendants in error, contended, that the record shows a trial, and a finding *as a fact,* that the averments of the plaintiff's petition are true; that the findings of the court authorized and sustain the decree; that the presumption, from the record, is, that such trial must have been and was as upon proper issues joined between Morning and Scott, as upon a reply by Morning to Scott's answer, and that if no reply was in fact filed, it was waived, (9 Kas. 177, 189; 17 Kas. 173,) and the case tried as if a reply was duly filed, and that there was testimony sufficient to warrant the finding.

A *trial of the action*, of course was a trial as to all the parties, and it determined all their rights. That it was so intended, appears from the fact that the real contest respecting the lands, as shown by the pleadings in the record, was between plaintiff Morning and defendant Scott, and the court explicitly finds that the claim of Scott is subsequent and subject to the lien of Morning. It does not matter whether this fact was found upon an issue joined between Morning and Scott, (by a reply denying the claim of Scott that he had and held the superior and anterior title, or as upon such denial a reply being waived,) or whether upon the issue joined between Scott and Harmon, wherein Harmon averred that Scott bought the land with full knowledge of the mortgage and mortgage-debt, and agreed as part of the purchase-money to pay such debt. In either case, the finding of the court, that Scott's title was subsequent, and subject to Morning's lien under the mortgage, is conclusive. All the presumptions of the law, within the oft-repeated decisions of this court, are in favor of the judgment; 13 Kas. 462; 15 Kas. 323; 17 Kas. 297.

The opinion of the court was delivered by

VALENTINE, J.: In this action, Samuel Morning was the plaintiff below, and A. J. Scott and several others were the defendants. Judgment was rendered in favor of the plaintiff below and against all the defendants; but as Scott is the only person who is now complaining of such judgment, it will be necessary only to consider whether the judgment rendered against him was correct, or not.

The plaintiff set forth in his petition that three of said defendants (other than Scott) executed to him a certain promissory note; that one of said three, and another defendant (other than Scott) executed to him a real-estate mortgage to secure said note; and that Scott claimed to have some interest in the mortgaged property, but that whatever interest he might have therein was junior and inferior to plaintiff's mortgage-lien. Scott answered to this petition, setting forth in his answer, in detail, that he was the absolute and exclusive

owner of said mortgaged property, showing how he became the owner thereof; that the said mortgagors never had any any interest in the mortgaged property, and therefore that the mortgage was void as against him. There was no reply filed by the plaintiff to this answer. At least no such reply is found in the record. The record tends to show that no such reply was filed; and the clerk of the court below certifies at the bottom of the record, "that the above and foregoing is a true, full, and complete transcript of the above and foregoing cause, and the same contains *all the pleadings* filed and proceedings had in said cause." Hence we must presume that no such reply was filed. The defendant T. M. Harmon also filed an "answer," and the defendant Scott filed a reply to Harmon's answer. These, and plaintiff's petition, were the only pleadings in the case. Upon these pleadings the plaintiff Morning moved the court for judgment, and the motion was sustained, and judgment was rendered in favor of the plaintiff and against all of the defendants. The judgment was a personal money-judgment as against the said three defendants who executed said promissory note, and a judgment that the mortgaged property be sold, etc., as against all the defendants. This judgment was probably correct as against all the defendants except Scott. As against him, the judgment was erroneous. He was not in default, and no judgment could properly have been rendered against him on the pleadings. Upon the pleadings, the judgment should have been rendered in his favor.

The judgment of the court below as against the defendant Scott will be reversed, and cause remanded for further proceedings.

All the Justices concurring.