RICHARD W. REED v. JOHN J. COOPER, *Administrator of the Estate of Enoch F. Vandenburg.*

1. BILL OF PARTICULARS—*No Error in Amending.* Where an action is commenced before a justice of the peace, and the defendant appeals the case to the district court, the district court has the power, in furtherance of justice, after all the evidence is submitted, to permit the plaintiff, upon the payment of all the costs, to amend his bill of particulars so as to show that he is seeking to recover as the administrator of an estate which he represents, and not in his individual capacity.

2. GRAIN DRILL, *When Not Exempt for Use of Widow.* A grain drill belonging to the estate of a decedent, who prior to his death was engaged in the business of keeping a hotel in a city of this state, and was not a farmer, is not exempt for the use of his widow and children, under ¿ 49, ch. 37 of the act respecting the settlement of the estates of deceased persons.

*Error from Dickinson District Court.*

AT the October Term, 1883, of the district court, plaintiff *Cooper*, as administrator of the estate of Enoch Vandenburg, deceased, recovered against defendant *Reed* a judgment for $54.75, which he brings here. The opinion states the case.

*Stambaugh & Hurd*, for plaintiff in error.

*Mahan & Burton*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: An action was commenced before a justice of the peace in the name of John J. Cooper, to recover of plaintiff in error, defendant below, the value of a grain drill. The defendant below appealed the case to the district court. After all the evidence was submitted, the court, over the objection and exception of defendant below, permitted the plaintiff below, upon the payment of all the costs, to amend his bill of particulars to conform to the evidence, by adding, after the words "John J. Cooper," in the title of the cause, "administrator of the estate of Enoch F. Vandenburg, deceased." There was no error in permitting this amendment. (Sec. 139

of the Code; *City of Atchison v. Twine,* 9 Kas. 350; *Hanlin v. Baxter,* 20 id. 134.)

It is contended that the plaintiff below was not entitled to recover, because the grain drill was exempt from sale and execution for the payment of the debts of Vandenburg, the decedent, at the time of his death. (Comp. Laws 1879, ch. 37, §§ 49, 51.)

The court below found that Enoch F. Vandenburg died in August, 1880 ; that at the time of his death and for several years prior thereto he was the head of a family, and was the proprietor of and engaged in keeping the Merchants' hotel, in Abilene, Dickinson county, in this state; that he was the owner of one wagon, one plow, one harness, two grain drills, and no other farming utensils ; that the total value of said property was less than three hundred dollars; that in 1879 he owned two farms in Dickinson county, one of which he leased to a tenant, and the other he used for the purpose of raising wheat, having all the labor performed on said farm, in the way of plowing, seeding and caring for the wheat crop, by contract by the acre; that he bought the grain drill in controversy for the purpose of having it used by the contractors putting in wheat on the last farm ; that the drill was used in the season of 1879 on the farm by the persons who drilled in the wheat; but, about April, 1880, he sold and conveyed the farm, and left the drill on the farm in the care of the purchaser, and continued to own his other farm up to the time of his decease ; but at that time, the said farm was in the possession of his tenant.

The court found, as a conclusion of law, that the grain drill was not exempt to the decedent at the time of his death. This finding, under the facts of the case, must be sustained. The grain drill was not used or kept by the decedent during his lifetime for the purpose of carrying on his trade or business; and therefore it was not exempt under subdivision 8 of § 3 of ch. 38, Compiled Laws of 1879. Neither was it exempt under the sixth subdivision of said chapter, as the decedent, in his lifetime, was not a farmer ; nor was the drill used

by him in the operation of his farm, or for any other purpose, excepting as he permitted contractors to use the same in putting in wheat. The business in which he was personally engaged was that of keeping a hotel, and the farm for which the drill was bought to be used upon, was sold and conveyed many months before his death. The clause embracing farming utensils was obviously designed for the protection of the farmer, to secure to him his implements of husbandry. (*Gordon v. Shields,* 7 Kas. 320; *Jenkins v. McNall,* 27 id. 532; *Robert v. Adams,* 38 Cal. 382.)

The judgment of the district court will be affirmed.

All the Justices concurring.