F. C. NUZMAN, *et al.*, JAMES SCHOOLEY.

36 177
41 292

Two Cows, *When Exempt*. Under the fifth clause of ¿3, chapter 38, Compiled Laws of 1879, which exempts "two cows," a person residing in this state and being the head of a family may claim as exempt two cows which he owns, although the cows are not actually used by him or his family, and although the cows are not necessary for the support of himself or his family.

*Error from Jackson District Court.*

REPLEVIN, brought by *Schooley* against *Nuzman* and another. Trial at the June Term, 1885, and judgment for plaintiff. The defendants bring the case here. The opinion states the facts.

*W. S. Hoaglin*, and *Samuel Crawford*, for plaintiffs in error.

*Keller & Noble*, for defendant in error.

12 — 36 KAS.

The opinion of the court was delivered by

HORTON, C. J.: Just prior to March 14, 1885, F. C. and Lewis Nuzman commenced an action before Thomas Bell, a justice of the peace of Jackson county, and in this action two cows belonging to James Schooley were seized under an order of attachment issued by the justice. On March 14, 1885, the justice issued an order to sell the cows, returnable within thirty days. On March 19, 1885, James Schooley commenced his action before E. D. Rose, a justice of the peace of Jackson county, to recover the possession of the cows, upon the ground that they were exempt from seizure and sale upon attachment, execution, or other process. In this action he recovered judgment, the court holding the cows exempt. This is the error complained of.

After the cows were seized upon attachment, Schooley appeared before the justice issuing the order and gave notice that he claimed the cows as exempt. The justice said to him that he would receive any evidence by affidavit upon the matter, but no affidavit or other evidence was presented. It is now urged that by refusing to comply with the request of the justice, Schooley acquiesced in his decision and judgment, and therefore that the whole matter was *res adjudicata*. This is not so. In *Watson v. Jackson*, 24 Kas. 442, it was held that—

"The decision of a motion made before a justice of the peace to discharge from seizure property taken on attachment, on the ground that it is exempt, is not conclusive, and the question of exemption may be tried thereafter in an action of replevin brought by the judgment debtor."

It is next urged that the cows are not exempt, because it does not appear from the record that they were used by or were necessary for the support of Schooley or his family at the time of the seizure. The statute reads:

"Every person residing in this state, and being the head of a family, shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property: . . . *Fifth.* Two cows, ten hogs, one yoke of oxen, and

one horse or mule, or, in lieu of one yoke of oxen and one horse or mule, a span of horses or mules ; twenty sheep, and the wool from the same, either in the raw material or manufactured into yarn or cloth." ( Comp. Laws of 1879, ch. 38, § 3.)

This section makes the articles therein named exempt, absolutely, and therefore the articles so named cannot be confined to such as the debtor is in the actual possession of, or such as are actually necessary for the support of himself or his family. The statute must be construed beneficially to the debtor. (*Mallory v. Berry*, 16 Kas. 293.)

The case comes to this court upon the findings of fact of the trial court, without the evidence, and all the terms of the lease under which one Speck holds the cows are not before us for our consideration. The findings show that Schooley is the owner of the cows, and that they are the cows he had at the commencement of this action, and that the Nuzmans are trying to seize and sell his interest therein ; therefore we think he is sufficiently a party in interest to maintain this action.

Even if Schooley had eighteen or twenty head of cattle just prior to the commencement of this action, he had the right to claim as exempt the particular animals in dispute. The election of what animals he would claim as exempt, was with him, and not with the creditor.

" Where the debtor has a greater number of animals or articles than are enumerated as exempt, or where he has property which .exceeds in value the limit of the exemption, the selection should be made before the sale, but our law does not prescribe when or by whom it shall be made. In view of the fact that the statute is enacted mainly for the benefit of the debtor and his family, it appears to us that the debtor should be accorded the privilege of making the selection at any time before the sale." (*Rice v. Nolan*, 33 Kas. 31.)

The judgment of the district court will be affirmed.

All the Justices concurring.