J. H. WILHITE, *as Sheriff of Lyon County,* v. THOMAS H. WILLIAMS.

1. REPLEVIN — *Defective Petition* — *Defect, not Cured.* A petition filed in the district court in a replevin action which fails to state that the property sought to be recovered is wrongfully detained by the plaintiff from the defendant is fatally defective, and should be so held upon an objection made at the beginning of the trial to the introduction of any evidence; and the fact that the affidavit filed in the case to obtain an order of delivery contained such an allegation will not cure the defect.

2. ———— *Exempt Property.* The horse, harness and buggy of an insurance agent, a resident of the state and the head of a family, used and kept by him in carrying on the insurance business, and necessary to the successful prosecution of such business, is exempt under subdivisions 5 and 8 of ¿ 3 of the act relating to exemptions.

*Error from Lyon District Court.*

REPLEVIN for a horse, harness, and phaëton. The following is the petition that was filed:

"STATE OF KANSAS, LYON COUNTY, IN THE DISTRICT

COURT.— *Thomas H. Williams vs. J. H. Wilhite*, Sheriff of Lyon County, Kansas.— Plaintiff for his cause of action shows to the court that he is the owner of the following-described personal property, to wit: One chestnut-colored gelding about seven years old, one low-top buggy or phaëton, one single harness. The said property is unlawfully detained from this plaintiff, who is entitled to the immediate possession thereof. That he has been damaged in the sum of fifty dollars by such unlawful detention.

"Wherefore he prays judgment for the immediate possession of said property, and for his costs, and fifty dollars his damage."

The property was taken from Wilhite, as sheriff, upon an order of delivery, but upon giving a bond the property was restored to him. The issues of the case were made up by Wilhite filing a general denial, and at the commencement of the trial, which was had without a jury, he objected to the introduction of any evidence, for the reason that the petition did not state facts sufficient to constitute a cause of action. The objection was overruled, and an exception taken. Upon the evidence introduced by the parties the court made the following findings of fact and law:

"FINDINGS OF FACT.

"1. Plaintiff, prior to the commencement of this suit, and at the time of the commencement thereof, was an insurance agent engaged in soliciting life insurance. His business as such agent covered any territory in Lyon and adjoining counties where he might desire to canvass, and was confined to the country principally. He purchased the horse and phaëton in controversy to be used in the prosecution of his said business of insurance agent, and did so use them, and was so using them at the time they were levied upon by the defendant, and said property was necessary to enable him to successfully prosecute said business. Said property is of the value of $250.

"2. Plaintiff is a resident of Emporia, Lyon county, state of Kansas, and the head of a family.

"3. The property in controversy is a horse, single-seated buggy, usually called a phaëton, and light harness, adapted to the carrying of persons only.

"4. The property was levied upon by the defendant by virtue of an execution issued upon a valid judgment against

the plaintiff, who is entitled to the possession of said property
if it is not exempt.

"5. The reasonable value of the use of said property from
time taken to the date of trial is $50."

"CONCLUSION OF LAW.

"The plaintiff is entitled to the possession of the property,
or the sum of $250 if a return cannot be had, and the further
sum of $50 as damages for the wrongful detention thereof."

At the October term, 1886, judgment went in accordance
with the findings, and the rulings of the court are assigned
for error.

*Kellogg & Sedgwick,* for plaintiff in error.

*Cunningham & McCarty,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The insufficiency of the petition is first
presented, and that it is fatally defective will be readily seen.
It fails to describe who is plaintiff and who is defendant,
either in the title or elsewhere, except as it may appear from
the order or position in which the names are placed in the
heading. Then there is an omission to name the pleading by
inserting the word "petition" after the title of the cause, as
the code positively requires. As the case comes to us, probably
neither of these objections is so serious as to be fatal; but an-
other and more serious one is raised by the objection to the
introduction of any testimony, which was made at the begin-
ning of the trial. It is nowhere stated that Wilhite unlaw-
fully detained the property from the plaintiff, nor is it even
alleged that he had it in possession in any way or for any
purpose. The gist of the action of replevin under our code
is the unlawful detention of the property by the defendant as
against the plaintiff; and to maintain the action the plaintiff
must allege this fact in his petition. (*Wilson v. Fuller,* 9 Kas.
176; *Hoisington v. Armstrong,* 22 id. 110.)

There is a recitation in the record that the affidavit filed in
the case was "in due form of law, and sufficient;" and it is
suggested that, being so, it must have contained the allegation

that the property was wrongfully detained by the defendant, and that this would cure the defect in the petition. In an action of replevin in justice court the affidavit may be treated as a bill of particulars, because the statute does not require any additional pleading to be filed in such an action before a justice of the peace, (*Starr v. Hinshaw*, 23 Kas. 532,) but not so in the district court, where the petition cannot be dispensed with. There the purpose of the affidavit is to obtain an order of delivery, and its allegations cannot be used to supplement or supply the material averments required to be stated in the petition. It is no part of the pleadings in the case, and the facts stated therein form no part of the issues unless contained in the pleadings. (*Crawford v. Furlong*, 21 Kas. 698; *Hoisington v. Armstrong*, 22 id. 110.) Granting, then, that the affidavit contained this most important allegation, it did not strengthen the petition, nor did any subsequent pleading in the case supply what was lacking, as the defendant answered by a general denial. While a petition is to be liberally construed when its sufficiency is only raised by an objection to the introduction of any evidence, yet the defect in this petition is so great, by failing to state inferentially or otherwise a wrongful detention by the defendant, that the court should have sustained the objection; and hence there must be a reversal.

As the petition can be and doubtless will be amended when the case is remanded, we have concluded to examine the principal point of controversy between the parties upon the merits of the action, which is the exemption of the property seized and sold by the plaintiff in error. Williams was the head of a family, and his occupation was soliciting life insurance in Emporia and in the surrounding country, embracing Lyon and adjoining counties. He purchased the horse, harness and buggy for the purpose of carrying on his business, for which they were adapted, and they were being so used when the sheriff levied upon them. In regard to the horse, there can be no question that it was exempt under the fifth subdivision of § 3 of the act relating to exemptions. The language em-

ployed in that clause is general, and evidently the legislature did not intend to restrict the exemption to persons pursuing any particular occupation, or those making any particular use of the property therein mentioned, or to any particular class of debtors, except that they must be residents of the state and heads of families. Every person who resides in the state and is the head of a family is entitled to the benefits of the exemption, and the animals and articles therein named are absolutely exempt to him, regardless of their use or of his occupation. (*Nuzman v. Schooley*, 36 Kas. 177.)

It is equally clear that the buggy and harness were exempt to the debtor under subdivision eight of § 3 of the same act, which provides that there shall be exempt "the necessary tools and implements of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business, and in addition thereto stock in trade not exceeding four hundred dollars in value." Applying the liberal construction to which exemption laws are entitled, and which this court has always given them, the business of soliciting insurance is within the statute quoted, and the buggy and harness must be held to be within the description of tools and implements used and kept by the debtor for the purpose of carrying on his business. This view was substantially held in *Davidson v. Sechrist*, 28 Kas. 324. There, a resident of the state, not the head of a family, who was an insurance agent and abstracter of titles, claimed that an iron safe, a cabinet and table, and a set of abstracts, were exempt as the necessary tools and instruments used and kept for carrying on his business. The exemption was claimed under the third clause of § 4, and the language there employed is almost identical with subdivision eight of § 3, giving the exemption to heads of families, and which has been quoted. It was held by the court that the phrase "mechanic, miner, or other person" was sufficiently broad to include the insurance agent, and that the property named came within the description of tools and instruments used and kept for the purpose of carrying on his trade or business, and that a contrary holding would not be in accord-

ance with the beneficent design of the exemption laws. This interpretation applies to the case in hand, and is controlling. The early case of *Gordon v. Shields*, 7 Kas. 320, is referred to as an authority against this interpretation. The only question before the court in that case was whether a buggy was included in the term "wagon," as used in the sixth subdivision of § 3. It is true that the party claiming the exemption in that case was an insurance agent, and the property claimed was used in carrying on his business as such agent; yet the property was not claimed to be exempt under the eighth subdivision of the section, and it received no consideration or interpretation from the court. This is made more apparent in the concurring opinion of Mr. Justice VALENTINE, who states that in his opinion the property might have been claimed under the eighth subdivision of the section; but as that question was not raised by counsel, possibly the court was not required to examine it.

We think the court correctly held the property to be exempt, but for the error heretofore mentioned the judgment must be reversed, and the cause remanded for such further action as the parties hereto desire to take.

All the Justices concurring.