S. G. BABCOCK *et al.* v. THE FARMERS' AND DROVERS' BANK.

PLEADING — *No Reply — Verdict and Judgment, Erroneous.*    Where a plaintiff declares upon a note which is set out in the petition, and the defendants answer that it was given for usurious interest and was void for want of consideration, and no reply was filed by the plaintiff to the answer; and the court overruled the motion of the defendants to require the plaintiff to file a reply to such answer, and proceeded to trial over the objection of the defendants, and instructed the jury to return a verdict for the plaintiff: *Held,* That such verdict, and the judgment based thereon, are erroneous.

*Error from Kingman District Court.*

THE opinion states the material facts.

*L. M. Conkling & Son,* for plaintiffs in error.

Opinion by GREEN, C.: The Farmers' and Drovers' Bank sued the plaintiffs in error in the district court of Kingman county, upon a promissory note for $1,776.50. S. G. Babcock answered, admitting the execution of the note, and set up the affirmative defense that the note was void for want of consideration; that he had, at different times and in different sums, borrowed money from the Farmers' and Drovers' Bank, and had agreed to pay usurious interest for the use of the money so borrowed; that the whole sum of such usurious interest agreed to be paid by him amounted to the sum stated in the note sued on; and that this note was executed for the usurious interest over and above the legal rate of interest on the various sums loaned to him. This answer was verified, and before the trial the district court made an order permitting the defendants below Alexander and Culver to adopt the pleading filed by Babcock as their answer. No reply was filed by the plaintiff below to this answer. The defendants asked for judgment upon the pleadings, which was overruled, and the court ordered the case to be tried, without a reply to the answer, over the objection of the defendants; a jury was impaneled and sworn, and the plaintiff introduced its note in evidence, which was objected to. The defendants then offered in evidence the verified answer filed by Babcock, which was objected to, and the trial court sustained the objection. No other evidence was offered. The court instructed the jury to return a verdict for the plaintiff for the amount due on the note sued on. A verdict was returned for the sum of $1,952.37, and a judgment was rendered for that amount, in favor of the plaintiff below. The plaintiffs in error bring the case to this court.

It is first claimed that the answer of the defendants below

contained such material allegations of new matter or affirmative defense as required a reply from the plaintiff to put the same in issue, and, having failed to reply, it admitted the same to be true, and that the defendants' motion for judgment on the pleadings should have been sustained. The reply was not waived, and we think it was error for the trial court to proceed without requiring a reply to the new matter set up in the answer. Section 128 of the civil code provides that every material allegation of new matter in the answer not controverted by the reply shall, for the purposes of the action, be taken as true. The defense set up was that the entire consideration of the note was usurious, which, if true, was a complete defense to the note set out in the petition. We think a reply was necessary, and, none having been filed, we are of the opinion that the plaintiffs in error should have had judgment upon the pleadings. (*Scott v. Morning,* 18 Kas. 489.) It is unnecessary for us to notice the other errors. We recommend a reversal of the judgment, and that a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.