White v. Gemeny.

---

## JAMES WHITE v. B. GEMENY.

1. REPLEVIN—*Pleading—General Denial.* In an action of replevin, any defense to the action may be proved under an answer containing a general denial only; and the plaintiff may, without a reply, rebut any defense proved thereunder.

2. HOTEL-KEEPER — *Omnibus, Exempt.* The 'bus of a hotel-keeper, a resident of Kansas, used in connection with his business in Kansas, and necessary to the successful prosecution of such business, is exempt under subdivision 3 of § 4 of the act relating to exemptions.

*Error from Geary District Court.*

THE opinion states the facts.

*Thomas Dever*, for plaintiff in error.
*James V. Humphrey*, for defendant in error.

Opinion by STRANG, C.: Action of replevin to recover the possession of a hotel 'bus. The plaintiff filed the usual petition in replevin, to which the defendant answered by a general denial; and also answered that the 'bus was taken by, the defendant, a constable, on an execution issued on a judgment against the defendant. No reply was filed to the answer. The defendant moved for a judgment on the pleadings, which motion was overruled. The cause was then tried by the court without a jury, upon an agreement that if the court found the 'bus was exempt, the judgment should be for the plaintiff; otherwise it should be for the defendant. The court found for the plaintiff. The defendant filed a motion for new trial, which was overruled.

The plaintiff in error contends that he was entitled to judgment on the pleadings. We think not. This was an action of replevin, and the only pleadings necessary were the petition of the plaintiff and an answer containing simply a general denial. Any defense the defendant may have had could have been given in evidence under the general denial. (*Bailey v. Bayne*, 20 Kas. 657; *Yandle v. Crane*, 13 id. 344; *Kennett v. Fickel*, 41 id. 211.) All of his answer, therefore, except his general denial, was wholly unnecessary, and being unnecessary required no reply. If the defendant under the general denial could have shown that he took the property as an officer under legal process, the plaintiff could, without a reply, rebut the effect of such proof by showing that the property taken was exempt. We have noticed the cases cited by the plaintiff in error, *Babcock v. Farmers' Bank*, 46 Kas. 548, and *Scott v. Morning*, 18 id. 459, and others. None of these cases were replevin cases, and as the same rule does not prevail in

the class of cases cited as in replevin cases, they are not in point.

The plaintiff in error also contends that the court erred in its finding that the property was exempt, and in rendering judgment thereon for the plaintiff below. We see no reason why the business of hotel keeping is not within the third subdivision of § 4 of the exemption statute, and the trial court having found, under the evidence relating thereto, that the 'bus was a necessary adjunct to the hotel business of the plaintiff below, we think it must be held to be within the description in said statute of tools and implements used and kept by the debtor for the purpose of carrying on his business. (*Wilhite v. Williams,* 41 Kas. 288; and *Davidson v. Sechrist,* 28 id. 324.) In *Richards v. Hubbard,* 59 N. H. 158, it is held "that a physician's wagon and harness, used by him in riding to visit his patients, and reasonably necessary for his practice of his profession, are 'tools of his occupation,' within the meaning of General Laws, chapter 224, section 2, exempting property from attachment."

It is said that it does not appear that the plaintiff below was a resident of the state of Kansas when this suit was begun. On page 10 of the record he testified, "I reside at Junction City, Davis [Geary] county, Kansas," and we think the remainder of the evidence shows him residing there at the commencement of the suit. It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.