## J. R. YOUNG v. J. H. BELL *et al.*

ANIMALS AND ARTICLES, *Absolutely Exempt*. The animals and articles named in subdivision 5 of ¶ 2998 of the General Statutes of 1889 are absolutely exempt to the head of a family residing in this state, regardless of their use or his occupation.

MEMORANDUM.— Error from Bourbon district court; J. S. WEST, judge. Replevin by John R. Young against J. H. Bell and others. Defendant had judgment, and plaintiff brings the case to this court. Reversed. All the material facts are set forth in the opinion, filed June 19, 1895.

*Dillard & Padgett*, for plaintiff in error.
*Humphrey & Hudson*, for defendants in error.

The opinion of the court was delivered by

DENNISON, J. : This is an action in replevin, brought in the district court of Bourbon county, Kansas, by John R. Young, this plaintiff in error, as plaintiff, against J. H. Bell, J. B. Mapes, J. L. Woodward and James Hart, as defendants, to recover the possession of one light-gray stallion, of the value of $200, and for $100 as damages for the wrongful detention of the same. The stallion in question was the property of said Young, and was taken under an execution by J. B. Mapes, as deputy of J. H. Bell, as constable, and left with J. L. Woodward by said deputy constable. The said execution was issued by a justice of the peace upon a judgment in favor of James Hart against John R. Young *et al.* The contention of the plaintiff is, that the stallion is exempt under subdivision 5 of ¶ 2998 of the General Statutes of 1889, which reads as follows :

"Every person residing in this state, and being the

head of a family, shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state the following articles of personal property : . . . . Fifth. Two cows, 10 hogs, one yoke of oxen, and one horse or mule ; or, in lieu of one yoke of oxen and one horse or mule, a span of horses or mules, 20 sheep, and the wool from the same, either in the raw material or manufactured into yarn or cloth.''

There is no dispute in this case that the plaintiff, John R. Young, is a resident of this state and the head of a family, or that he claimed this stallion as being exempt under the above section. The error complained of in this case is the refusal of the judge of the district court to give the following instructions :

"First. Under the law of this state a man is entitled to one team of horses, and is entitled to make his selection from any number of horses that he may have or own, and has a right to make this selection at any time before the sale of the property, or even after the sale of the property, if he gives notice at the sale of his selection.

"Second. And he has the right to make the selection from horses that are not mortgaged or incumbered. This right to so select is an absolute right, and the use to which the horses is put cuts no figure in the case.

"Third. And he is not restricted to any particular use of the property. Every person who resides in this state, and is the head of a family, is entitled to the exemption of the articles and animals named in the exemption law, and the articles and animals therein mentioned are absolutely exempt to him, regardless of their use or his occupation.''

And upon the judge giving the following instruction :

"The defendants claim that the property was not

exempt to the plaintiff because it was used exclusively as a stallion for breeding purposes, and that the plaintiff had other horses which he used as work horses. . . . In this state the head of a family may have exempt from execution a team of horses, and he is entitled to make his selection from any number of horses he may have or own, and has the right to make his selection at any time prior to the sale of the property, or even after the sale if he gives notice of his selection at the time of the sale ; and if some are mortgaged, he may select those not mortgaged. The intention of the law is that the head of a family shall have a team, and if you find that the stallion in question was used and kept by the plaintiff for other than breeding purposes, it would be exempt, though in addition to such use he used him for breeding purposes ; but if you find that he was kept and used only for breeding purposes, and not kept and used by him for any other purpose, it would not be exempt, and the plaintiff could not recover in this action. You will further determine from the evidence, under these instructions, whether or not the plaintiff at the beginning of this suit was a resident of this county and the head of a family, and whether or not under the above instruction this stallion was an animal to which he was entitled under the exemption law. . . ."

The record shows that the plaintiff excepted to the instructions given, and also to the refusal of the court to give those asked for by the plaintiff.

In the case of *Nuzman v. Schooley*, 36 Kas. 177, a case in which it was attempted to recover two cows, which Nuzman claimed were not exempt because they were not used by Schooley and were not necessary for the support of Schooley or his family at the time of the seizure, Chief Justice HORTON, in rendering the opinion, after quoting so much of the statute as is quoted above in relation to ¶ 2998 of the General Statutes of 1889, and subdivision 5 thereof, uses this language : "This section makes the articles therein

named exempt, absolutely, and therefore the articles so named cannot be confined to such as the debtor is in actual possession of, or such as are actually necessary for the support of himself or his family. The statute must be construed beneficially to the debtor," and cites *Mallory v. Berry*, 16 Kas. 293 ; and further along in the same case he uses this language : "Even if Schooley had 18 or 20 head of cattle just prior to the commencement of this action, he had the right to claim as exempt the particular animals in dispute. The election of what animals he would claim as exempt was with him and not with the creditor." (*Rice v. Nolan*, 33 Kas. 31.) Also, in the case of *Wilhite v. Williams*, 41 Kas. 288 : In this case, Williams was an insurance agent, and purchased a horse, harness and buggy for the purpose of carrying on his business, for which they were adapted, and they were being so used when the sheriff levied upon them. The opinion in this case was written by Johnston, J., in which he used the following language :

"In regard to the horse, there can be no question that it was exempt under the fifth subdivision of § 3 of the act relating to exemptions. The language employed in that clause is general, and evidently the legislature did not intend to restrict the exemption to persons pursuing any particular occupation, or those making any particular use of the property therein mentioned, or to any particular class of debtors, except that they must be residents of the state and heads of families. Every person who resides in the state and is the head of a family is entitled to the benefits of the exemption, and the animals and articles therein named are absolutely exempt to him, regardless of their use or his occupation."

This seems to us to be the proper construction of the statute mentioned, and seems to be decisive of

this case. The only authority cited by the defendants in error in their brief that would seem to controvert this interpretation of the Kansas statutes was in the case of *Reed v. Cooper*, 30 Kas. 574, where it was held that the words "and other farming utensils" in the sixth subdivision of said exemption law would not exempt a grain drill except in the hands of a farmer. This defendant in error in his brief says that in support of this decision the court cites *Robert v. Adams*, 38 Cal. 383, and further says: "This 38 California case is one in which the exact question at issue was decided, and the California court held that the stallion was not exempt to farmers except when kept in whole or in part as a work horse." The language of the California code (§ 690) exempts "two horses used as farm horses;" so it seems that, while the exact question at issue may be the same, the language of the statute is not the same.

The instructions given by the judge of the district court were not the law which governs this case, and the instructions asked for by the plaintiff were the law and should have been given by the court.

The judgment of the court below is reversed, and the case remanded for further proceedings.

All the Judges concurring.