STEINER v. MARSHALL.

(Circuit Court of Appeals, Fourth Circuit. November 9, 1905.)

No. 590.

1. BANKRUPTCY—PETITION FOR REVIEW IN MATTER OF LAW—REQUISITES.

A petition to review proceedings in bankruptcy in matters of law, under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], must set out the facts or findings of fact on which the matters of law sought to be reviewed arise.

[Ed. Note.—Appeal and review in bankruptcy cases, see In re Eggert, 43 C. C. A. 9.]

2. SAME—EXEMPTIONS—APPLIANCES OF TRADE OR PROFESSION.

Under Code Pub. Gen. Laws Md. art. 83, § 11, which provides that "all tools or other mechanical instruments or appliances moved or worked by hand or foot, necessary to the practice of any trade or profession, and used in the practice thereof, shall be exempt from execution," a bankrupt who is an undertaker is entitled to hold as exempt such tools, instruments, and appliances as are found by the court to be necessary to the practice of his profession and to be used by him in the practice thereof; the words "moved or worked by hand or foot" in the statute evidently applying only to machinery.

On Petition to Superintend and Review, in Matter of Law, Proceedings of the District Court of the United States for the District of Maryland.

Lewis Putzel, for petitioner.

Joseph D. Brooks, for respondent.

Before PRITCHARD, Circuit Judge, and PURNELL and WADDILL, District Judges.

PURNELL, District Judge. Respondent was duly adjudged a bankrupt on his voluntary petition, and Hugo Steiner was elected trustee. On January 24, 1905, said bankrupt, who was an undertaker and funeral director, filed in the District Court for the District of Maryland, in bankruptcy, a petition alleging the same had been appraised at less than $500, and asking that the following goods and chattels, claimed to be exempt under article 83, § 11, Code Pub. Gen. Laws Md., be allotted to him under the Maryland law as an exemption:

"1 embalming satchel, and instruments, other small tools, engraving machine, embalming boards, couch, canopy, six fur rugs, 2 prs. black cloth pedestals, 1 pr. of white pedestals, 1 pr. brass pedestals, 3 prs. wooden pedestals, 1 candelabra, 4 door crapes, 1 transfer case, 4 ice boxes, 1 church truck, 2 black catafalques, one white catafalque, 1 undertaker's wagon, 1 undertaker's Dayton wagon, and petitioner's wearing apparel."

To this petition the trustee filed an answer admitting all the "matters and facts" in said petition mentioned, and denying the articles claimed by bankrupt are exempt under the laws of the state of Maryland, except one embalming satchel, instruments, and other small tools, and wearing apparel of the bankrupt. Upon a hearing before the district judge, at which testimony was heard, but which testimony is not included in the record, an order was entered on February 4, 1905, ordering the trustee, Steiner, to deliver to the bankrupt, Marshall, "each

and every one of the articles named in the petition, except the undertaker's Dayton wagon, which wagon the trustee was directed to retain possession of for the benefit of the creditors of said bankrupt." The trustee then filed a petition in this court February 13th to superintend and review in matter of law this proceeding in bankruptcy.

Respondent moves to dismiss this petition because it involves questions of fact and should be presented, with the testimony taken, by appeal. This is the first question for consideration. The statute confers upon the Circuit Court of Appeals power to review the orders and decrees of a court of bankruptcy by two proceedings only, and for different purposes: (1) It invests the Circuit Court of Appeals with jurisdiction in equity to superintend and review in matters of law only, and (2) with appellate jurisdiction in certain cases. This proceeding is under the first provision of the statute. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432].

In some cases the party supposing himself aggrieved has both appealed and filed a petition for review, and it has been held that an appeal may be treated as a petition for review when only a question of law is presented (Chesapeake Shoe Co. v. Seldner, 122 Fed. 593, 58 C. C. A. 261); but this cannot be done where questions of fact and law are both involved in the appeal (In re Whitener, 105 Fed. 180, 44 C. C. A. 434). As stated by the court in Re Taft, 133 Fed. 511, 66 C. C. A. 385, a petition for review of the proceedings of a District Court in bankruptcy should set out the facts or finding of fact on which the matters of law sought to be reviewed arise. This the petition in the present case has failed to do. The petition, for this reason, ought to be dismissed. For a discussion of the question, see Bank v. Chicago Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051. The case may be disposed of on other grounds also. Attorneys filing petitions under the statute, where testimony has been heard, ought, in fairness to both the court asked to be reviewed and the appellate court, to give the latter court the benefit of the testimony or the findings of fact by the district judge.

Upon the record a construction of the statute must of necessity be, to some extent, unsatisfactory. It involves a mixed question, even with the admitted facts, of law and fact. It is not definitely alleged the articles claimed are necessary to the practice of the profession, and yet this court cannot say on the record they are not necessary. The burden is on the petitioner. The district judge heard testimony as to the character, necessity, and use of the tools and mechanical appliances. This was a question of fact. But it is claimed, and in words the claim is well founded, that the facts are admitted in the answer, and a construction of the statute is insisted on on the admitted facts. The statutes of Maryland provide:

"All wearing apparel, mechanical text-books and books of professional men, tools of mechanics, and all tools or other mechanical instruments or appliances moved or worked by hand or foot, necessary to the practice of any trade or profession, and used in the practice thereof, shall be exempt from execution, in addition to the property hereinbefore exempted; but this section shall not apply to any books, tools, mechanical instruments or appliances kept for sale or barter." Article 83, § 11, of the Code of Public General Laws of Maryland.

The articles ordered by the District Court to be delivered to the bankrupt as exempt under this section of the General Laws of Maryland, of which counsel say there is no construction by the Court of Appeals of that state, are appraised at considerably less than $500; and, though we have not been favored with an authority, it is agreed by counsel undertaking, under the laws of Maryland, is a profession. The district judge by his order, after hearing the testimony, concluded in the language of the statute that the articles named in the schedule as exempt were necessary to the practice of the bankrupt's profession and "used in the practice thereof." It seems to have been clearly the intention of the Legislature of Maryland, in passing the section in question, to exempt such personal property, and we see no reason to differ in the conclusion reached by the district judge. This court was treated to a learned discussion as to the construction placed upon different statutes and the definition of terms used in such statutes, but it is not deemed necessary to go into these matters, as the statute clearly means that articles necessary to the practice of any trade or profession, and used in the practice thereof, shall be exempt from execution. The expression "moved or worked by hand or by foot," does not seem to be entitled to the importance sought to be given it. Those words evidently apply to machinery. The governing idea in the section seems to be that the articles exempted are those necessary to the practice of the trade or profession, not moved by steam, electricity, or other motive power than hand or foot.

It is therefore ordered that the judgment of the District Court be affirmed, and the petition dismissed, at the cost of the petitioner.

Affirmed.