In re CONLEY.

(District Court, D. Nebraska. July 6, 1907.)

BANKRUPTCY—EXEMPTIONS—TOOLS AND INSTRUMENTS OF BUSINESS.

Under Code Civ. Proc. Neb. § 530, which exempts from sale on execu·tion "the tools and instruments of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business," a bankrupt, who is a dealer in eggs and poultry, which he buys at farmers' houses, and takes to his places of business, and there prepares for ship·ment, is entitled to hold as exempt a horse, harness, and wagon suitable for use in bringing in such produce, and also his office furniture, scales, coops, egg-candling booths, etc., necessary to be used by him in conducting his business.

In Bankruptcy. On petition for revision of referee's order relating to bankrupt's claim of exemption.

John J. Ledwith and William M. Morning, for bankrupt.

T. C. MUNGER, District Judge. This cause comes before the court on a petition for a revision of the order of Fred W. Vaughan, referee in bankruptcy. The bankrupt herein filed a petition praying that certain articles named in his schedule should be set aside to him as exempt, and at the hearing the referee refused to allow the exemp·tions. The bankrupt's business has been that of a dealer in poultry, eggs, and farm produce, and in transacting this business it has been necessary to drive to the farms and villages in the territory adjacent to the town of the bankrupt's residence, and to bring to the bankrupt's place of business the produce so purchased, where the eggs were can·dled and cleaned, and the poultry and produce prepared for market, and then sold to commission merchants and other purchasers. In order to conduct such business it has been necessary for the bankrupt to have means of conveyance and carriage for the produce. The bank·rupt asks to be allowed as exempt three horses, two dray wagons, three sets of harness, and certain other articles.

Section 530 of the Code of Civil Procedure of Nebraska, the clause which is involved in this controversy, allows exemptions as follows?

"Eighth. The tools and instruments of any mechanic, miner, or other per·son, used and kept for the purpose of carrying on his trade or business."

It is generally the rule that such exemption statutes are liberally con·strued, in order that the heads of families may not be stripped of all means of making a livelihood. The words in the statute, "or other person" should be given some force and effect. It is to be noted that the statute refers to tools and instruments "used and kept for the pur·pose of carrying on his trade or business." Statutes of other states are found where similar language is used, except that the word "profes·sion" is substituted in place of the word "business." The evident pro·vision of this section of the statute was to afford protection, not only to mechanics and miners, but also to other heads of families engaged in business, as distinguished from those who follow a trade as an occupa·tion, by exempting the tools and instruments reasonably necessary to carry on such business. This view is in harmony with decisions un-

der similar statutes elsewhere. Cunningham v. Brictson, 101 Wis. 378, 77 N. W. 740; Watson v. Lederer, 11 Colo. 577, 19 Pac. 602, 1 L. R. A. 854, 7 Am. St. Rep. 263; Wilhite v. Williams, 41 Kan. 288, 21 Pac. 256, 13 Am. St. Rep. 281.

It is next contended that a horse, wagon, and set of harness, an office desk, chair, scales, poultry coops, poultry troughs, candling booths, lamps, cooling barrels, and certain other articles cannot be regarded as tools and instruments within the meaning of the Nebraska statute above quoted. The claim is made on behalf of the objecting creditors that tools and instruments should be construed to mean mechanical tools, such as would be used by an artificer or handicraftsman. While such meaning is undoubtedly included in the language of this statute, it is by no means clear that the statute was intended to be so limited in its scope. The use of the words "or other person," and the description of the using and keeping of such tools and instruments for the purpose of carrying on such "trade or business," indicates that the Legislature did not intend to protect only those making use of tools. The statute in question makes provision in the same section for certain specific exemptions to those engaged in farming and also to professional men. But, unless this clause of the statute affords protection, there is no exemption extended to a large number of those who are equally deserving of the protection of the statute. Laborers and small tradesmen and many others engaged in useful occupations are evidently embraced within the meaning of this section of the statute. The Legislature could not, in the few words of a statute, properly define and state all classes of occupations, and the general language of the clause in question indicates that it was intended to cover, not only those engaged in other occupations, but also whatever tools and instruments are properly kept and used in the carrying on of such trade or business.

In Watson v. Lederer, 11 Colo. 577, 19 Pac. 602, 1 L. R. A. 854, 7 Am. St. Rep. 263, the court held that the horse and buggy and harness of an assayer, used in going from mine to mine and procuring ore for assaying purposes, was exempt as a tool or implement of the assayer's business. Under the Kansas statute it was held that the buggy and harness belonging to an insurance agent used by him in driving about, soliciting the business of writing insurance, was a tool or implement of his business. Wilhite v. Williams, 41 Kan. 288, 21 Pac. 256, 13 Am. St. Rep. 281. So the omnibus used by a hotel keeper in driving passengers to and from the trains was likewise held exempt. White v. Gemeny, 47 Kan. 741, 28 Pac. 1011, 27 Am. St. Rep. 320. The buggy used by a physician in his business has been held exempt under similar statutes in New Hampshire and New York. Richards v. Hubbard, 59 N. H. 158, 47 Am. Rep. 188; Van Buren v. Loper, 29 Barb. 388.

It would not seem unreasonable that the bankrupt should be allowed one horse and buggy and harness as exempt to him under this statute as part of the tools and instruments of his trade or business. As to the other articles mentioned above, it would seem that they were also necessary and proper tools and instruments of the bankrupt's business. The office desk and chair, scales, poultry coops, candling booths, etc.,

are a part of the necessary equipment of the bankrupt's business as a produce merchant dealing in poultry and eggs. They are the means by which the business is carried on and the instruments necessary to effect it. He is, therefore, entitled to them as exempt to him under the above section of the Code. In re McManus' Estate, 87 Cal. 292, 25 Pac. 413, 10 L. R. A. 567, 22 Am. St. Rep. 250; Cunningham v. Brictson, 101 Wis. 378, 77 N. W. 740; Woods v. Keyes, 96 Mass. 236, 92 Am. Dec. 765; Wilkinson v. Alley, 45 N. H. 551; Steiner v. Marshall, 15 Am. Bankr. Rep. 486, 140 Fed. 710, 72 C. C. A. 103; Davidson v. Sechrist, 28 Kan. 324; Amend v. Murphy, 69 Ill. 337. While the bankrupt is entitled to what tools and instruments are necessary to carry on his trade or business, he is not entitled to all that might add convenience. In re Collier, 7 Am. Bankr. Rep. 131; 111 Fed. 503.

The order of the referee will be reversed as to the following named articles: One horse, one dray wagon, one set of single dray harness, one horse blanket, one fly net, one desk, five chairs, two stoves, one letter file, one pair of scales, ten poultry coops, two candling booths, two lamps, one table, one bench, ten cooling barrels, ten galvanized feed troughs, one saw, one ax, and four cooling boards—with instructions to allow the bankrupt, Ellsworth Conley, to select from the articles claimed as exempt one of such articles, where two or more articles of the same kind were set aside as exempt by the trustee, and in all other respects the order of the referee is affirmed.