**In the Matter of Wanda Lou SCRAMS, Debtor.**

**Bankruptcy No. BK94–40161.**

United States Bankruptcy Court, D. Nebraska.

Sept. 13, 1994.

Phillip M. Kelly, Chapter 7 Trustee, Scottsbluff, NE.

William C. Peters, Gering, NE, for debtor.

### *MEMORANDUM*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case presents the question of whether a car is exempt property as an "immediate personal possession" under Nebraska Revised Statutes § 25–1556(1). Before the court is the Objection to Exemptions by the Chapter 7 Trustee and the debtor's Resistance thereto. The Objection of the Trustee is sustained. I conclude that 1987 Cutlass Oldsmobile of the debtor is not exempt property under § 25–1556(1).

## FACTS

The debtor owns a 1987 Cutlass Oldsmobile valued at $3,600.00. The debtor claims $2,500.00 worth of this value as exempt under the so-called "in lieu of homestead exemption" of § 25–1552 of the Nebraska Revised Statutes. Neb.Rev.Stat. § 25–1552 (Reissue 1989). Since the debtor is a head of household but does not own a homestead, it is clear that debtor is eligible to claim the in lieu of homestead exemption as to this $2,500.00 in value.

The debtor asserts that the remaining value of the automobile, $1,100.00, is exempt under § 25–1556(1) of the Nebraska Revised Statutes as an "immediate personal possession" of the debtor. See Neb.Rev.Stat. § 25–1556(1) (Reissue 1989). The debtor has not asserted that the automobile is in any sense a "tool of the trade" as contemplated by § 25–1556(2), or that the remaining value of the automobile may be exempted under another statutory section. Neb.Rev.Stat. § 25–1556(2) (Reissue 1989). The trustee argues that the debtor is not entitled to exempt the remaining value as an "immediate personal possession" under § 25–1556(2) of the Nebraska Revised Statutes.

## DISCUSSION

Section 25–1556 of the Nebraska Revised Statutes provides in pertinent part:

> No property hereinafter mentioned shall be liable to attachment, execution or sale ...: (1) The immediate personal possessions of the debtor and his family; and (2) all necessary wearing apparel of the debtor and his family; all kitchen utensils and household furniture, ... not exceeding in value fifteen hundred dollars; all equipment or tools used by the debtor or his family ... not exceeding fifteen hundred dollars in value; the provisions for the debtor and his family necessary for six months' support ...; and fuel necessary for six months....

Neb.Rev.Stat. § 25–1556 (Reissue 1989).

I have been unable to locate any Nebraska cases holding that an automobile is an "immediate personal possession" and there is a scarcity of cases interpreting subpart (1) of § 25–1556. The statutory phrase "immediate personal possessions" could arguably be construed to extend to motor vehicles since, in a general sense, motor vehicles are personal possessions. However, I conclude that the Nebraska Supreme Court would reject such an analysis for several reasons.

First, a liberal interpretation of the phrase "immediate personal possessions" would render the remaining language of § 25–1556 superfluous because such an interpretation would encompass items of personal property with respect to which there are other express exemptions. This suggests that the phrase "immediate personal possessions" should be narrowly construed to give effect to all of the language of § 25–1556.

Second, existing decisional law, by negative implication, suggests that motor vehicles are not exempt as personal possessions in Nebraska. The only cases I have found allowing exemptions of automobiles occur within the context of an exemption claimed in an automobile as a tool of the trade of the debtor or under the in lieu of homestead exemption, neither of which basis is at issue here. See *Matter of Bailey*, 172 F.Supp. 925, 929 (D.Neb.1959) (holding that a panel truck used by a painter to hall paint to and from jobs was exempt as a tool of the trade); *In re Conley*, 162 F. 806 (D.Neb.1907) (holding that a horse and dray used by a poultry dealer to pick up produce were exempt as a tools of the trade). If automobiles were exempt as "immediate personal possessions" it would not be necessary, as indicated by this decisional law, for parties and courts to deal with the more difficult question of whether an automobile is a tool of the trade.

Finally, it is abundantly well settled in Nebraska bankruptcy practice that automobiles are not exempt as "immediate personal possessions." In virtually thousands of cases that have been filed under the Bankruptcy Code this has been the accepted rule. This is thus a well-established, reasoned interpretation of state law, which I hesitate to disturb, particularly as a change in rules could disturb potentially thousands of loan transactions. I hold that an automobile is not exempt property as an "immediate personal possession" under § 25–1556(1).

IT IS THEREFORE ORDERED, that the Objection to Exemptions by the Trustee is sustained.