## In re BAKER.

(Circuit Court of Appeals, First Circuit. May 29, 1900.)

### No. 294.

1. BANKRUPTCY—PETITION FOR REVIEW—PRACTICE.

A proceeding in the circuit court of appeals, under Bankr. Act 1898, § 24b, to review proceedings of a district court, sitting in bankruptcy, in matter of law, is required by General Orders No. 37 to follow as nearly as may be the rules of equity practice established by the supreme court; and the petition must in some way set out enough of the tenor of the record in the district court to present the issue of law which it seeks to raise.

2. SAME—PARTIES.

A circuit court of appeals cannot revise the proceedings of a district court in bankruptcy, on petition therefor filed under Bankr. Act 1898, § 24b, without an issue made and presented by parties who have a substantial interest in the controversy, or at least without a proper opportunity given therefor; and, where it appears that a creditor against

whom a petition for review is filed has no longer any interest in the question sought to be raised, the petition will not be heard until other creditors who may have an interest are brought in by proper notice.

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts, in Bankruptcy.

Benjamin H. Greenwood, for petitioner.
Byron B. Johnson, for defendant.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. This case was on the trial list for the April session, and has been submitted on briefs. It is a petition filed by Margaret E. Baker against Byron B. Johnson, under section 24b of the bankrupt act approved on July 1, 1898 (30 Stat. 553), for a revision of the proceedings of the district court for the Massachusetts district sitting in bankruptcy. An answer was put in by Johnson, and the petition and answer constitute the whole case before us. By the terms of the statute, the proceeding in this court is in equity, and it must present matter of law, and nothing else. By General Orders and Forms in Bankruptcy 37, 172 U. S. 666, 18 Sup. Ct. x., it must follow, as nearly as may be, the rules of equity practice established by the supreme court. By a rule of this court entered on May 31, 1899, the time of pleading to a petition is limited, and some other provisions in reference to pleadings are made; but the rule contains nothing inconsistent with General Order 37. Although, under Equity Rule 26, the old prolixity is not required, yet, following the guidance of the recognized precedents for bills of review for alleged errors in law, this petition should have presented, in some way, enough of the tenor of the record in the district court to enable us to perceive the issue of law which it seeks to raise. This it fails to do. As, also, the answer does not admit unequivocally the allegations of the petition, this defect becomes fundamental. Under the circumstances, the record does not now present an issue of law, as required by the statute. Consequently the submission on briefs must be annulled, the case stricken from the trial list, and the petitioner must take proceedings to properly present the issue of law intended to be raised, or the petition must be dismissed.

In addition to this, it appears by the answer to the petition supplemented by the petitioner's suggestion of record, that Johnson, the respondent, has been paid, and has no longer any interest in the controversy. If he was the sole creditor, the petitioner has no longer any interest in the bankruptcy proceedings, and the petition presents only a moot question. At any rate, we cannot revise the proceedings of the district court without an issue made and presented by parties who have a substantial interest in the controversy, and who can suitably represent it, or at least without proper opportunity given therefor. Under these circumstances, before the case can proceed further the petitioner must apply for an order of notice on the creditors, if there be any, or on such of them as have an interest in the controversy, and cause the order to be properly served.

This order will be made on the petitioner filing a proper motion therefor, accompanied with an affidavit which sets out the facts fully enough to enable us to understand the form the notice should take, and the persons against whom it should issue.

Ordered, for the reasons stated in the opinion passed down this day, the submission of this case on briefs is annulled, and the petitioner has leave to proceed as stated in the opinion.

On October 9, 1900, the following final decree was entered: "On this case being called for argument, it appearing that the petitioner has not complied with the terms of the opinion passed down May 29, 1900, the petition is dismissed, without costs."