### In re BOSTON DRY GOODS CO. et al.

### In re NOYES BROS.

#### (Circuit Court of Appeals, First Circuit. October 13, 1903.)

#### Nō. 463 (Original).

1. BANKRUPTCY—PETITION FOR REVISION—SUFFICIENCY OF RECORD.

   On a petition to revise in matter of law the proceedings of a district court in bankruptcy, in order that it may appear by the record that the issues raised were presented below, and for other reasons, findings which involve distinct propositions of law, or something as a substitute therefor, are necessary, and they cannot be supplied by a mere opinion of the court. While in some cases involving issues of a substantial character justice may require a relaxation of the rule, or the consideration of issues not presented to the original tribunal, such course will not be followed where the questions raised relate merely to matters of form or administration, and no material detriment to the estate can result from the action complained of.

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts, in Bankruptcy.

Frank H. Stewart, for petitioners.

Jeremiah Smith, Jr., pro se, and Ralph S. Bartlett, for George G. Stratton and thirty-one other creditors.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a petition under the bankruptcy act of July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], by sundry creditors of Noyes Bros., Incorporated, bankrupt. Our jurisdiction is, of course, limited to matters of law. The object of the petition is that we should revise the determination of the District Court with reference to the election of trustees of the bankrupt estate. It was brought by several creditors who voted for one Mr. Spring for trustee, and who constituted the majority in number of those present at the meeting whose claims had been allowed. The referee admitted and canvassed votes alleged to have been thrown by other creditors, whose claims had been allowed, for a board of three trustees. These, as their votes were canvassed, constituted a majority

---

¶1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

in amount; so the referee determined that there was no election, and appointed one of the respondents sole trustee. His action was confirmed by the District Court. The petitioners claim that their votes elected Mr. Spring trustee, and object to the canvassing made by the referee, and to his appointing the present respondent trustee, and, in fact, to his appointing any trustee.

It was observed in Falter v. Reinhard (D. C.) 104 Fed. 292, 295, as to Mr. Zinn, whose choice as trustee was ultimately set aside in part for the very reasons which are urged in this case, that there could be no personal objection, and that he was a reputable citizen and a business man of acknowledged ability, whose competency for the position was not questioned. We must observe that the same may properly be said about all the persons who were candidates for that office in the case before us. Moreover, there is no evidence and no suggestion that any substantial detriment would come to the estate as the result of these proceedings, whichever way they may be determined.

Ordinarily, with regard to revisory petitions of the class to which the one at bar belongs, we have made due allowance for the facts that the bankruptcy act of July 1, 1898, gives no specific directions as to the practice with reference thereto, and that our rule 36, framed concerning the same, should be regarded as tentative, having been designed especially to secure prompt administration, and with a lack of experience on the part alike of the bench and the bar. Yet, of course, it must be admitted that we are not expected to look through the whole record for the purpose of ascertaining the issues intended to be laid before us, and we are not justified in doing so with regard to conflicting or obscure statements. It must also be admitted that ordinarily a record conforming strictly to the purpose of the statute would present to us simply, clearly, and unequivocally issues of law, to the like effect as by bills of exceptions, by proceedings without a jury, under sections 649 and 700 of the Revised Statutes [U. S. Comp. St. 1901, pp. 525, 570], by proceedings in the Supreme Court in causes of admiralty and maritime jurisdiction, while appeals lay from the Circuit Courts to the Supreme Court as provided in the act of February 16, 1875, c. 77, 18 Stat. 315 [U. S. Comp. St. 1901, p. 525], and by proceedings certifying causes to the Supreme Court as provided in section 6 of the act of March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 547], establishing the Circuit Courts of Appeals. While, with reference to a proceeding of the class before us, there is nothing which especially directs the District Court with regard to findings of fact or statements of conclusions of law, as do some of the statutes to which we refer, yet the various decisions of the Supreme Court as to those statutes must be studied for a proper understanding of the substantial requisites of a record like that at bar. Moreover, while as to some matters of a substantial character justice may require that jurisdiction be taken on appeal of issues not presented to the original tribunal, yet, as we will see, there is nothing of that kind in the case before us; and, in order that it may appear by the record that issues raised on appeal were presented below, findings of

fact which involve distinct propositions of law, or something else as a substitute therefor, are necessary.

The petition in the present case was filed, as we have said, by one class of creditors, making the trustee a respondent, as also one of the other class of creditors by name, and it also assumed to make 31 others respondents, without naming them, all in the same class as the creditor specified. The answers make some objection to this description of the 31 other creditors; but this was not followed up, and all we need say is that we do not now assume to approve the form of the petition in this particular or to disapprove it.

The record intends to raise two leading questions. One is, what powers has the court in canvassing votes for a trustee alleged to have been procured or solicited by the bankrupt, and how far should it exercise them, and according to what rules. The second is whether an attorney was properly allowed to represent creditors who were not personally present at the meeting. As to both of these questions, the allegations of the petition are in the form of statments by way of inducement, and therefore they are neither positive, direct, nor full. There are departures between the allegations in the body of the petition and the seriatim statement of the claimed errors of the District Court, and further departures between each of them and the certificate of the referee as to the questions which arose before him. The petition is also erroneous in that it assumes that the opinion of the learned judge of the District Court states the "findings, rulings, and orders" of that court, so that it may be brought before us to enable us to ascertain the questions of law involved. The greater number of the alleged errors are based on this hypothesis. A mere opinion is, of course, no part of the record. There are no findings of the District Court in any proper sense of the word, and all we have in lieu thereof are such admissions as may be found in the answer, which do not in any way touch the substantial difficulties, and the certificate of the referee, all the essential parts of which are as follows:

"The votes of certain creditors for the choice of a trustee were challenged on the ground that the proof of their claims and the authorization of appearance thereon by the attorney had been obtained through the solicitation of the bankrupt by its treasurer, David W. Noyes, and its attorney, Amos L. Hatheway, Esq., one of the receivers, for the purpose of procuring the election of the latter as one of the three trustees, for whom the votes were cast. The other candidates on this ticket were Jeremiah Smith, Jr., Esq., also one of the receivers, and Victor J. Loring, Esq., counsel for one of the larger creditors, neither of whom participated in such solicitation as was made. The evidence upon the question was very brief, and is herewith transmitted with the exhibits. As I could not find that any undue influence had been exerted upon these creditors, nor any improper inducements offered them to procure the proofs of their claims, and, the matter being one in my discretion, I ruled that they should be allowed to vote, and their votes were received accordingly.

"Further objection was made to the reception of certain of these votes which had been signed by creditors who were not present in person at the meeting, though an appearance had been entered for all of them by attorney, by indorsement of his name upon their respective claims. The canvassing of the votes being in progress, and no result having been declared, I permitted the attorney for these creditors to amend their votes by substituting his own name as attorney, and casting the votes as such. The result of the ballot was that the three candidates voted for by these creditors had a majority in value of the claims which had been proved and allowed, while the candi-

date of the other creditors, Mr. Plummer C. Spring, also one of the receivers, had a majority in number. No request being made by any one that another ballot be taken, I declared there was no election, and appointed Mr. Smith as trustee, from which said ruling parties have petitioned for a review by the judge."

As we have already said, the petitioners assume that the opinion of the learned judge of the District Court states the "findings, rulings, and orders" of that court. This, as we have said, forms no part of the record, so that there are no findings of that court in any proper sense of the word. The decree of the court is general in its terms, not containing any findings, but merely affirming the judgment and orders of the referee. The record discloses no application to the District Court for specific findings of fact, so that, in all respects, the record is as the petitioners saw fit to make it.

We are therefore left to the certificate of the referee to ascertain from it, if we can, the issues which are intended to be presented. It suggests two issues. One is with reference to the solicitation, inducement, and influence of the bankrupt with regard to the election of trustees; the other relates to permitting an attorney to enter an appearance for the respondent creditors, and further permitting the amendment of their votes by inserting his name as attorney and casting the votes as such.

As to the first issue, the certificate transmits the oral evidence with reference thereto, together with the exhibits before the referee. It is possible that, on searching through the evidence and the exhibits, we might find a specific issue of law involved, and the same is the fact with reference to the second issue. Of course, the matter of the admittance by the referee of an attorney to appear before him presents no specific formalities which necessarily raise an issue of law. The practice in the District Court in Massachusetts is for referees to admit attorneys to appear without any formal authorization. This is allowable and proper, because it conforms the practice of the referee, as it should conform, to the practice of the court itself. This is to admit members of the bar of the Circuit Courts and District Courts to appear on oral applications, according to the practice which prevails alike in the state courts and in the federal courts. Shaw v. Bill, 95 U. S. 10, 24 L. Ed. 333.

In this particular case we do not feel called on to exercise the liberality with reference to the practice on petitions of this character which we have sometimes exercised, for the reasons which we have already stated. If it involved substantial interests, we might make the "due allowance" which we have said we have ordinarily made, and endeavor to sift out from the record the issues of law, if it presents any. We might feel called on to do this even in cases which could be said to relate to the mere administration by the District Court of the bankruptcy statutes. But the case at bar is not merely administrative in its character; it relates to a subject-matter as to which, as we have already said, there is no suggestion of any practical detriment that would come to the estate from the determination of the District Court to which the petition relates, even if, strictly speaking, that determination should have been otherwise than what it was. It would

be detrimental to the authority of the District Court, injurious to its administration of the bankruptcy statutes, and involve the numerous and useless delays which those statutes evidently have been framed to avoid, if, in administrative matters where no substantial interests are concerned, we became meddlesome beyond what the law requires of us. This observation applies particularly to this case, to the extent that we ought not to take jurisdiction over propositions of the character submitted to us, which the record does not clearly show were brought specifically to the attention of the District Court, as we have already explained. Therefore we are of the opinion that, if the petitioners desired to raise the issues which they have sought to present, they should have held themselves bound by the strict rules applicable to petitions of this character; and that, in this particular case, we ought not undertake to revise the findings and conclusions of the referee, which have been solemnly affirmed by the District Court, on a record which confuses the issues of law and fact as they are confused in the one before us.

The authority given by the referee to the attorney for the respondent creditors to amend votes was clearly properly exercised according to the liberal rules touching amendments which prevail in bankruptcy proceedings, and, indeed, it would be the same even under the rules of the common law.

The petitioners raise an objection based on the statement of the referee as to the matter being one in his discretion. At the most, this was surplusage, because his action was prima facie justified by his statement preceding it. The expression can hardly be construed as the petitioners construe it, because it is unreasonable to conclude that the referee determined that the matter was within his discretion in the larger sense of the word. The District Court did not so construe it, because it affirmed in terms "the orders and judgment of the referee," and used no expression to justify any suggestion that it intended to approve the exercise by him of mere discretion. At all events, it is especially plain, on the commonest rules of practice relating to appellate proceedings to which we have referred, that the record should make it clear that a verbal criticism of this character was brought directly to the attention of the court of the original jurisdiction before it was sought to be made the basis of a revisory petition, and there is nothing whatever of that character in the case at bar.

Let there be a decree dismissing the petition, with costs for the respondents.