In re O'CONNELL.

In re DOW.

(Circuit Court of Appeals, First Circuit. December 22, 1904.)

No. 545.

1. BANKRUPTCY—PETITION FOR REVIEW—MATTERS PRESENTED BY RECORD.

On a petition to revise in matter of law bankruptcy proceedings in the District Court, the Circuit Court of Appeals will ordinarily consider only such matters of law as are shown by the record, by findings of fact or their equivalent, to have been distinctly presented to the court below.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—REFUSAL TO REOPEN CASE.

The action of a court of bankruptcy in denying a petition to reopen a case after the bankrupt's estate had been closed, for the purpose of appointing a new trustee and taking action to collect further assets, was not erroneous as matter of law, where it was based on a finding by the referee, concurred in by the court, that there were no substantial assets remaining unadministered.

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts, in Bankruptcy.

Bernard D. O'Connell, pro se.

Melvin M. Johnson (Roger, North & Johnson, on briefs), for respondent Dow.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a petition brought in this court by Mr. O'Connell under the bankruptcy act of July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], asking us to revise certain proceedings of the District Court with reference to Lenoir A. Dow, bankrupt. Of course, we are limited to matters of law. In Boston Dry Goods Company et al., Petitioners, decided by us on October 13, 1903, reported in 125 Fed. 226, 227, 230, 60 C. C. A. 118, we held that on petitions of this class the record should present to us simply, clearly, and unequivocally the issues of law, to the like effect as bills of exceptions, proceedings without a jury, and proceedings in the Supreme Court on admiralty appeals, as provided in the act of February 16, 1875, c. 77, 18 Stat. 315 [U. S. Comp. St. 1901, p. 525]. We also said that, in order that it may appear by the record that issues raised on appeal were presented below, findings of fact which involve distinct propositions of law, or something else as a substitute therefor, are necessary. In Shoe

& Leather Reporter et al., Petitioners, 129 Fed. 588, 589, 64 C. C. A. 156, we also emphasized the rule that on these proceedings we ought not to take jurisdiction ordinarily over propositions not brought specifically to the attention of the District Court. It is true that, as said in Boston Dry Goods Company, we ought to waive the strictness of the rules which we have stated as to some matters of a substantial character when justice clearly requires that it should be done; but in the present case, in view of the confused condition of the record and the confused statements of the case by both the petitioner and the respondent, it is impracticable for us to make any departure in that respect.

So far as we can discover from the record, and from briefs submitted to us, our consideration is limited to a petition filed by certain creditors after the closing of the case, which prayed that the bankruptcy proceedings in question be reopened, and sent back to the referee, for the purpose of electing a new trustee, and taking action necessary to collect and distribute further assets of the bankrupt's estate. This petition was filed on April 29, 1904, and it alleged that, since the closing of the estate, there had come to the knowledge of the trustee and creditors that there were assets of the bankrupt which should be realized, all said to be as more particularly set forth in the objections to the allowance of the petition of the bankrupt for his discharge. It is now of no consequence what the particular assets referred to were, but we gather that they were certain alleged interests in the estates of the mother and uncle of the bankrupt which were not disclosed by his schedules.

The record shows, and there is no question, that the bankrupt's schedules disclosed no assets, except what were by law exempt, and particularly no interest in either of the estates named. It shows that the final meeting, which involved the closing of the estate and discharge of the trustee, was held on January 23, 1904. It is nowhere claimed that the bankrupt had any assets unless those thus alleged. The record shows that while the petition to reopen the case was pending there were also pending objections to the discharge of the bankrupt, with specifications that he had fraudulently concealed his interests in the estates referred to. The petition to reopen the proceedings was sent to the referee, who made a report concluding that, by consent of parties, he made the report and findings on the objections to the discharge a part of the report on the petition to reopen proceedings, so far as the same were material. Also the referee reported the evidence taken before him, or a summary thereof, which was laid before the District Court, and, so far as the record shows, considered by it. The report with reference to the objections to discharge contained the following:

"Upon the foregoing evidence I find that on July 14, 1902, the bankrupt transferred to his attorney all his interest in the estate of his uncle, William H. Webster, and that thereafter he had no interest therein; that he had an interest of five dollars under the will of his mother which he failed to disclose in his schedules or in his examination, but that such failure to disclose was without fraudulent intent, and was wholly inadvertent; and that he has not knowingly and fraudulently concealed property from his trustee or made a false oath."

The referee denied the petition to reopen the case. We discover in the record no findings of fact by the court itself, but only a decree which, in a formal manner, affirmed the action of the referee. This, of course, must be taken as affirming his findings of fact. The parties have referred to the evidence which was before the referee, but that cannot be taken cognizance of by us. We are, of course, required to accept the facts as found by the referee and as apparently approved by the court. Accepting these facts, the only question of law that could possibly be raised would be whether or not there was any ground for reopening the proceedings. As we must assume that it has been found by the District Court that there were no substantial assets as alleged in the petition, the reopening would be futile; and, as the law does not do vain things, the action of the District Court cannot be gainsaid as matter of law, which is the only aspect in which we can consider it.

The petition contains numerous propositions alleging irregularity on the part of the referee and of the court, mainly, if not entirely, of a technical nature. These, although apparently discussed by both parties before us, were not involved in the petition to reopen the case. That petition, as we have seen, was based entirely on the proposition that there were assets which had not been administered, and that, therefore, the proceedings should be reopened. There is nothing in the record to show that any other question was before the District Court, nor any findings of fact which would justify us in considering any other question if it had been before it.

Under the circumstances we have pointed out, it is enough for us, and it is also conclusive on us, that it does not appear from the record that the estate of Dow had not been administered at the time the petition to reopen the proceedings was filed. Therefore we can give the petitioner no relief.

Let there be a decree that the petition be dismissed, with costs for the respondent.