### In re PETTINGILL & CO.

### Ex parte PRESS PUB. CO.

#### (Circuit Court of Appeals, First Circuit. May 4, 1905.)

#### No. 582.

1. BANKRUPTCY—PETITION TO REVISE—MATTERS REVIEWABLE.

A petition to revise in matter of law the proceedings of the District Court in bankruptcy does not usually bring the prior proceedings of a referee before the Circuit Court of Appeals for review.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—RECORD—OPINION OF DISTRICT COURT.

While a mere opinion filed by the judge in the District Court in a bankruptcy proceeding does not present findings of fact for the purposes of a reviewing court, unless made matter of record by order of the court, still it may be looked to for the purpose of determining in a general way the propositions on which the case has been disposed of, and especially the questions of law which were passed on.

**8. Same.**

Where the record presented to the Circuit Court of Appeals on a petition to revise proceedings in the District Court in bankruptcy in matters of law contains no findings of fact by the District Court, and the opinion of that court, although stating propositions of law, shows that they were not determinative of the matter at issue which was decided as a question of fact on the evidence, there is nothing upon which the reviewing court can act.

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts, in Bankruptcy.

On motion of Joseph W. Lund, trustee, for revision in matter of law. For opinion of District Court, see 135 Fed. 218.

Walter M. Lindsay, for petitioner.

Jeremiah Smith (Malcolm Donald, on the brief), for respondent.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. In this case the referee rejected a proof of debt because the creditor had received a preference with reasonable grounds of belief that a preference was intended. He drew his conclusion to that effect from a number of facts, covering nearly three printed pages of the record, each having more or less tendency to support the result he reached. The learned judge of the District Court merely reversed the judgment of the referee. He gave no reasons therefor in his decree, and filed no findings of fact, but passed down an opinion which we will refer to again. Thereupon, instead of appealing as provided in section 25 of the act of July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], which limits the time for appealing to ten days, the trustee, contrary to the apparent policy with reference to such appeals, filed in this court this revisory petition, which under ordinary practice, and in analogy with the time given by statute for taking out ordinary appeals or writs of error from District Courts to this court, might be done within six months from the entry of the decree to which the petition relates. Nevertheless, as the question of jurisdiction has not been raised by the parties, we pass it by, with the express statement that we are not prejudiced hereby.

In Boston Dry Goods Company, 125 Fed. 226, 227, 235, 60 C. C. A. 118, in Shoe & Leather Reporter, 129 Fed. p. 588, 589, 64 C. C. A. 156, and in Bernard D. O'Connell, Petitioner, in an opinion passed down on December 22, 1904, 137 Fed. 838, we held that on petitions of this class the record should present to us simply, clearly, and unequivocally the issues of law, to the like effect as bills of exceptions, proceedings without a jury, and proceedings in the Supreme Court on admiralty appeals as provided in the act of February 16, 1875, c. 77, 18 Stat. 315 [U. S. Comp. St. 1901, p. 525]. We also said that, in order that it may appear by the record that issues raised on appeal were presented below, findings of fact which involve distinct propositions of law, or something else as a substitute therefor, are sometimes necessary. It is well settled that a mere opinion of the court not specially made a matter of record does not take the place

of a finding of facts, although it may be referred to for the purpose of ascertaining what propositions of law governed the court in which the opinion was filed, or for the general purpose of determining whether the case went off on facts or law.

In Boston Dry Goods Company, ubi supra, the determination of the referee was affirmed; in Shoe & Leather Reporter the record presented no action by the referee; and in Bernard D. O'Connell, Petitioner, the District Court also affirmed the conclusion of the referee. Therefore in one respect the present record differs, because here the court reversed the conclusion of the referee. On that account the petitioner puts his propositions as follows:

"First Proposition. The record discloses but one finding of facts—that of the referee—who had the parties and witnesses before him, and such finding is not controlled, so far as the facts are concerned, by the opinion.

"Second Proposition. The finding of facts by the referee will not be disturbed on review unless it appears that the referee was manifestly wrong in his conclusions.

"Third Proposition. The evidence adduced before the referee justified the finding of fact that the creditor had reasonable cause to believe that a preference was intended, within the meaning of section 60 of the bankruptcy act."

The fundamental difficulty about these propositions is that, under section 24b of the act of July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], the proceedings of the District Court are before us, and not the proceedings of the referee. Although in a loose sense parties who are dissatisfied with the conclusions of the referee are said to appeal to the District Court, yet the action of that court on the findings of the referee did not assume the formalities of an appellate tribunal. Neither, according to the usual practice, are the proceedings before the referee brought before the court on exceptions, and thus made a part of the record, as in the case of a master in chancery. The relations between the court and the referee are usually of an informal character. Section 38 of the act of July 1, 1898, c. 541, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435], and general order 27 (89 Fed. xi; 32 C. C. A. xxvii), provide for review by the court of the orders of referees in the most general terms, and are far from limiting the court to the rules which govern a chancery suit. Therefore, according to the common practice, the District Court was authorized to disregard the findings of the referee entirely, if it saw fit so to do, and proceed de novo, or reject them for reasons of law, or refuse to accept them in whole or in part, without assigning reasons therefor. The position of the petitioner in this particular would require this court to be bound conclusively by the findings by the referee of the preliminary and ultimate facts, although the District Court was not so bound, a proposition which defeats itself on its very face.

It may be further added that, even if we were authorized to go directly to the findings by the referee, as claimed by the petitioner, the record would still lack sufficient to enable us to accomplish a revision of any matter of law, because they are all findings of various facts which lead up to an ultimate conclusion, also of mere fact. Therefore, if we should undertake to revise his proceedings, we would be considering, not questions of law, but the probative effect

of numerous disputed details of various business transactions between the parties concerned. The true answer, however, on this branch of the case is, as we have already said, that we are not authorized to revise the proceedings of the referee, but only those of the District Court, and that the record contains no such statement of the ultimate facts as would enable us to dispose of its proceedings on mere questions of law.

It is claimed by the petitioner that, even if an issue of law is not raised by the record in the usual manner, the detailed facts, stated by the referee in the way we have explained, lead conclusively to the ultimate proposition that the creditor's proof should have been rejected, and therefore that a proper issue arises from the mere reversal. In this respect the petitioner seeks to put himself in a position analogous to that of one who, in an action at law, asks the court to direct a verdict one way or the other on all the proofs which have been adduced on a jury trial. That in this way, in ordinary common law proceedings, an issue may be raised for an appellate tribunal cannot be questioned. We, however, have no occasion to determine whether this practice can be applied to a revisory petition of the character before us, because it is too evident that, on such a condition of preliminary facts as is exhibited by this record, no judge at nisi prius would be required to direct a verdict as claimed by the petitioner. A mere reference to Grant v. National Bank, 97 U. S. 80, 24 L. Ed. 971, relied on by the District Court, and to the conclusion of the Supreme Court on the facts therein revealed, demonstrates this proposition.

While, as we have said, the rule has been settled for an indefinite period that a mere opinion filed by a judge in a court of first instance does not present findings of fact of the character described in our decisions to which we have referred, unless made a matter of record by order of the court in which the opinion is passed down, nevertheless it is also equally well settled that it may be looked to for the purpose of determining in a general way the propositions on which the case has been disposed of, and especially the questions of law which were passed on. Opinions are being constantly used by the Supreme Court for such purposes. It is true that the present opinion states a proposition of law as follows:

"Insolvency is no longer inability to pay debts in the regular course of business, but exists only 'whenever the aggregate of (the bankrupt's) property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not at a fair valuation be sufficient in amount to pay his debts.' Grounds for a reasonable belief in a present inability to pay debts in the course of business are not necessarily grounds for believing that a man's property, at a fair valuation, is not sufficient to pay his debts."

If the learned judge of the District Court had drawn his conclusion squarely from this proposition, the case might be in a position where we could take jurisdiction with some effect; but he did not do so. He follows what we have just quoted by this observation:

"In view of both the decision and the language of the Supreme Court, I am constrained to reverse the decision of the referee. See, also, King v. Storer; 75 Me. 63; Petersen v. Schroeder, 75 Wis. 577, 44 N. W. 652."

The District Judge reviewed the detailed facts at length in connection with Grant v. National Bank, which was decided under the bankruptcy act of 1867 (14 Stat. 517, c. 176), and he holds that, weighing them on the practical rules of Grant v. National Bank, it would still follow that the creditor had no reasonable ground of belief that a preference was intended. Therefore, even if we should decide that the proposition of law distinguishing between the present statute and that of 1867, stated by the learned judge of the District Court, could not be sustained, this would not dispose of this petition, because we would then be thrown back upon the necessity of reviewing the preliminary facts as they were reviewed by him in the light of the rules as they existed when Grant v. National Bank was decided. In other words, the proposition of law by which the learned judge distinguishes the present statute from previous statutes in no view eliminates from this case the necessity of investigating the detailed and preliminary facts and the ultimate conclusion of fact to be deduced therefrom.

In view of the question of jurisdiction, which we do not pass on, we think costs should not be awarded.

Let there be a decree that the petition be dismissed, without costs.