## LANDRY v. SAN ANTONIO BREWING ASS'N.

(Circuit Court of Appeals, Fifth Circuit. January 28, 1907. On Rehearing, February 25, 1908.)

### No. 1,741.

BANKRUPTCY—PETITION TO REVISE—SUFFICIENCY OF RECORD.

A Circuit Court of Appeals cannot act on a petition to superintend and revise the proceedings of a District Court in bankruptcy, where the record does not contain a statement or finding of facts, nor show whether the court determined the question sought to be reviewed as one of fact or law.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of Texas.

A. L. Davis, for petitioner.
C. A. Teagle, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The proceeding sought to be superintended and revised is the allowance of a secured claim. The district judge considered and allowed the claim on evidence which we have not before us. We find in the transcript neither an agreed statement of facts, a finding of facts by the judge, nor even a summary of the evidence.

Petitions to this court for superintendence and revision are restricted to questions of law. Therefore this petition is denied.

On Rehearing.

In Meyer Bros. Drug Co. v. Pipkin Drug Co., 136 Fed. 396, 69 C. C. A. 240, which was a case on a petition to revise and superintend in a matter of bankruptcy, the referee found the facts and the district judge affirmed the referee in all respects, and there was no dispute or suggestion even as to the correctness of the findings of fact of the referee, and the question before us was one of pure law.

In Clayton et al. v. Exchange Bank of Macon, 121 Fed. 630, 57 C. C. A. 656, in which the rank and validity of a mortgage, withheld from the record until bankruptcy was impending, was involved, the matter was brought before the court by appeal, which, of course, brought before us the evidence in the case. In the present case the referee found and formulated the facts on the evidence submitted to him, also his conclusions of law, and the whole, accompanied with the evidence, was transmitted to the district judge for review. The record shows that the judge on the hearing considered the certificate of the referee as to the questions presented, and the summary of the evidence, and thereupon reversed the referee and entered judgment accordingly, so that we cannot from the record say whether the judge decided the case upon the facts reported by the referee or upon facts found by himself on the evidence. To determine whether the judge a quo correctly ruled the law, we must necessarily have before us the facts upon which he acted.

The petition for rehearing is denied.