## ROSS et al. v. STROH.

(Circuit Court of Appeals, Third Circuit. December 1, 1908.)

1. BANKRUPTCY (§ 114*)—RECEIVERSHIP—COLLATERAL ATTACK.

Where claimants instituted proceedings, in the nature of a replevin suit, against a bankrupt's receiver to recover personal property, their only claim to relief depending on their ownership or right of possession of the property which the receiver had seized, they could not in such proceeding collaterally attack the official status of the receiver or the regularity of the proceedings leading to his appointment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 165; Dec. Dig. § 114.*]

2. BANKRUPTCY (§ 444*)—PETITION FOR REVIEW—RECORD.

While neither the bankruptcy act nor the general bankruptcy orders prescribe the practice in proceedings on revisory petitions, the matters of law of which revision is sought must be in some manner clearly presented.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 922; Dec. Dig. § 444.*]

3. BANKRUPTCY (§ 446*)—APPEAL—PETITION FOR REVIEW—SCOPE OF REVIEW.

Where an appeal is taken in bankruptcy, as authorized by Bankr. Act (Act July 1, 1898, c. 541, 30 Stat 553 [U. S. Comp. St. 1901, p. 3431]), § 24a, it is the duty of the appellate court to review the facts as well as the law, on proper assignments of error, as required by Gen. Bankr. Order 36 (18 Sup. Ct. ix) and Court of Appeals Rule 11 (150 Fed. xvii, 79 C. C. A. xvii), but if the matter is brought up on a petition for review, authorized by Bankr. Act, § 24b (30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), only questions of law, fairly presented by the petition and record, can be considered.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 446.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

4. BANKRUPTCY (§ 447*) — PETITION FOR REVIEW — DISMISSAL WITHOUT PREJUDICE.

Where, on a petition for review in bankruptcy, there were no sufficient specifications of legal error presenting the questions sought to be reviewed, but the evidence was such as to raise a doubt as to the merits of pe-

titioner's claim, the revisory petition would be dismissed without prejudice to such further proceedings as the District Court might consider proper.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 930; Dec. Dig. § 447.*]

Petition for Revision of Proceedings of the District Court of the United States for the Middle District of Pennsylvania, in Bankruptcy.

C. A. Van Wormer, for petitioners.

W. W. Hall, for respondent.

Before GRAY, Circuit Judge, and BRADFORD and LANNING, District Judges.

LANNING, District Judge. The record of this case shows:

That on July 10, 1908, K. J. Ross and five other persons filed in the District Court their joint petition, alleging: (1) That they were the "absolute owners" of certain personal property therein described, and that that property "is now remaining and being in the plant of the Pittston Cut Glass Company, in West Pittston aforesaid, which said plant was until to-day, and has been since prior to the acquisition of title to the property aforesaid by the petitioners herein, in the possession of the People's Savings Bank of Pittston, mortgagee"; (2) that a petition in bankruptcy had been filed against the Pittston Cut Glass Company; (3) that George D. Stroh had been appointed receiver of the alleged bankrupt's property, and "claims the right of possession and has actually taken possession of the aforesaid property of your petitioners"; and (4) that "the complete title and right of possession of said property is in your petitioners." The prayer is "for an order upon said receiver to release and surrender said property to your petitioners."

That, on July 15th, Stroh, as receiver, answered the petition, denying the absolute ownership asserted in its first paragraph, and declaring that "the statement with reference to People's Savings Bank of Pittston having been in possession of said property is also denied"; admitting the allegations of the second and third paragraphs of the petition; and, as to the fourth paragraph, saying:

"The fourth paragraph of said petition is denied; that the sale under which the petitioners aforesaid claim title was null and void and in fraud of creditors, the same being made through the connivance and understanding of the Pittston Cut Glass Company, bankrupt, and the People's Savings Bank of Pittston."

That between July 15th and 22d proofs were taken, and that on July 22d the District Court made the following order:

"Now, July 22, 1908, the petition of K. J. Ross, Esq., and others for the reclamation of certain property coming on to be heard on notice to the receiver and to the petitioning creditors, upon due consideration of the testimony taken upon the same and the argument of counsel, it is thereupon adjudged and decreed that the petition be dismissed, exception being noted in favor of the petitioners."

This order is now brought before us by Ross and his associates on a petition for revision, founded on clause "b" of section 24 of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]). The petitioners specify nine alleged errors of law relating to supposed defects in the original petition in bankruptcy and in the proceedings for the appointment of a receiver. In none of these matters, however, are they interested. They are not creditors. They are claimants of property seized by the receiver which they seek to have delivered to them. Their only title to relief depends on their ownership or right of possession of the property which the receiver has seized. The proceeding which they have instituted is in the nature of a replevin suit, and they are not at liberty to attack, collaterally, the official status of the receiver or the regularity of the proceedings leading up to his appointment.

There are two other specifications of error in the petition for revision: First, that the receiver "had no right to take the property found in the possession of K. J. Ross et al., who claimed title thereto as bona fide purchasers for value, without a hearing"; and, second, that "after a hearing had upon the petition of K. J. Ross et al. for the return to them of such property, it being shown that they were in possession thereof before bankruptcy proceedings were instituted, claiming title in good faith, an order refusing to direct the receiver to return to them said property was erroneous."

Each of these specifications is based on the supposition that there has been a finding of fact that the property which Ross and his associates now claim was in their possession when the receiver seized it. They did not so declare in their petition of reclamation. What they said there was that the property was "in the plant" of the Pittston Cut Glass Company, and that the plant was "in the possession of the People's Savings Bank." The receiver, evidently assuming that the petitioners intended to aver that the property claimed by them was in the possession of the savings bank, denied such possession. What the District Court actually found as the fact on this point we do not know, for no opinion or findings of facts accompany the record. We have before us, concerning the matters which we may properly consider, only the petition of reclamation, the answer, the testimony, and the order dismissing the petition. While neither the bankruptcy act nor the general orders in bankruptcy prescribe the practice to be adopted in proceedings on revisory petitions, the matters of law of which revision is sought should in some manner be clearly presented. Such was the view expressed by the Circuit Court of Appeals of the First Circuit in the cases of In re Boston Dry Goods Company, 125 Fed. 226, 60 C. C. A. 118, In re O'Connell (C. C.) 137 Fed. 838, and In re Pettingill & Co., 137 Fed. 840, 70 C. C. A. 338. In that view we concur. Had this case been brought before us by appeal, under the provision of section 24a of the bankruptcy act, as it might have been (see Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986), it would have been our duty to review the facts as well as the law, provided proper assignments of error had been filed, in accordance with the thirty-sixth general order in bankruptcy (18 Sup. Ct. xvii) and the eleventh rule of this court (150 Fed. vxii, 79 C. C. A. xvii). Having been brought by revisory petition, under the provision of section 24b,

we can consider only those questions of law that are fairly presented by the petition and the record.

Whether the mortgage, though not recorded until a few days before the sale, and though the property remained in the possession of the mortgagor until after the mortgage was recorded, was not, under the law of the state of Pennsylvania, a valid security in the hands of the savings bank (see Christ v. Zehner, 212 Pa. 188, 61 Atl. 822), whether, if it was, it was not also a valid security in its hands under the bankruptcy law (see York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Hiscock v. Varick Bank of New York, 206 U. S. 28, 27 Sup. Ct. 681, 51 L. Ed. 945; Thomas v. Taggart, 209 U. S. 386, 28 Sup. Ct. 519, 52 L. Ed. 845), whether the sale by the People's Savings Bank was one that conveyed a good title to Ross and his associates, whether they were in possession of the property at the time of its seizure by the receiver, and whether, if they were in such possession, the receiver erred in seizing the property without the authority of a judgment or order in some form of plenary suit, are questions which we cannot now consider. There are no findings of fact by the District Court, and no specifications of legal error in the revisory petition, which enable us to do so. It does not appear, even, that they were argued before the District Court.

We are compelled, therefore, to dismiss the revisory petition. Inasmuch, however, as the parties have taken evidence bearing on these questions, notwithstanding the meager averments of the petition of reclamation and of the answer thereto, and inasmuch as that evidence leaves us in doubt as to the merits of the claim of Ross and his associates, our order will be that the revisory petition be dismissed without prejudice to such further proceedings in the District Court as that court may consider to be proper.