### In re THROCKMORTON et al.

#### (Circuit Court of Appeals, Sixth Circuit. May 15, 1912.)

#### No. 2,201.

1. BANKRUPTCY (§ 444*)—PETITION TO REVISE—RECORD.

A Circuit Court of Appeals cannot review proceedings of a District Court in bankruptcy and set aside sales of property as void on a petition to revise alone, unaccompanied by any transcript or findings of fact.

· [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–927; Dec. Dig. § 444.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 446*)—PETITION TO REVISE—DISCRETIONARY ORDERS.

The action of a court of bankruptcy in authorizing and confirming sales of a bankrupt's incumbered real estate free of liens, notwithstanding the failure of the petition to conform strictly to the requirements of official form 44, is so far discretionary that it cannot be reviewed on a petition to revise where no complaint was made by lienholders whose claims were not fully paid, and in the absence of a transcript of the record or findings of fact.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 446.*]

Petition to Review Order of the District Court of the United States for the Eastern Division of the Southern District of Ohio. ·

In the matter of Margaret Alice Throckmorton, bankrupt. On petition of bankrupt and certain creditors to revise orders of District Court. Affirmed.

J. I. Throckmorton, for petitioner.
W. G. Hyde and J. P. Phillips, for respondent.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. We are asked in this case to revise in matter of law certain proceedings in bankruptcy had in the court below. A petition for review was filed in this court February 25, 1911, by the bankrupt, and certain persons claiming to represent a majority in number and amount of the unsecured creditors of the estate whose claims had been allowed, in terms praying to have certain decisions of the District Court reversed and set aside. The burden of complaint is that sales of incumbered real estate of the bankrupt had been made free of liens under petitions and orders which were not in accordance with official form No. 44 as respects description of estate of the bankrupt in the incumbered property, statement of its estimated value, origin and nature of the liens, and prayer for authority to sell the property either subject to or free of liens, and consequently that the court acquired no jurisdiction of the subject-matter.

The petition for review sets out (1) an alleged copy of a petition for rehearing filed in the court below May 12, 1909, containing averments as to steps taken in the bankruptcy proceedings, commencing January 7, 1904, when Mrs. Throckmorton upon voluntary petition was adjudged a bankrupt, down to and including the sales and conveyances made of the bankrupt's real estate; (2) alleged copies of the trustees' answers, stating that conveyances of the property had been executed and delivered, distribution of the sales proceeds had been applied toward payment of lienors, and some of the lands so conveyed had been sold by the purchasers, whose grantees had made valuable improvements on the faith of their purchases; (3) that the rehearing so sought in the court below was granted, but that a decision was rendered and an entry made finding that the proceedings complained of were regular and in conformity to law, and again approving and confirming them.

[1] We have attempted to state the substance of the petition for review filed here, because of insistence made that upon it alone we may consider and pass upon the regularity and validity of the proceedings under which the lands in question were sold and conveyed and the sales proceeds arising therefrom distributed. No certified transcript of the record and proceedings had below, and no findings of fact either of the referee or the District Court, have been filed here. True, it appears from the present petition for review that a motion, which was overruled, was made by the petitioners in the court below for judgment on the pleadings, on the ground that the answers of the trustees to the petition for rehearing below admits the allegations of such petition: but these answers, like the pleadings of petitioners, seem to have been prepared on the assumption that the court below would take notice of and base its action upon its own records; as, for example, the first answer states:

"These defendants admit all the allegations of said petition which are shown by the records of this proceeding to be true, and they deny each and every other allegation contained in said petition for rehearing."

196 F.—42

The claim now made that the sales of the property and distribution of the sales proceeds are nullities is a matter of grave importance, and should have been seasonably made the subject of distinct issues in the court below and brought here (if brought at all) either on transcript or findings of fact. It would be manifestly unfair to the court below, as also unjust to purchasers and distributees (who are not parties), if allegations of the petition for review were made the basis of a judgment of reversal here. By the petition for rehearing in the court below, the petitioners asked a review of the entire record; and when the court granted a rehearing, but ultimately denied the relief sought, the learned trial judge was necessarily cognizant of the exact state of the record. In the opening of the opinion refusing to disturb titles to property conveyed or proceeds distributed, the court said:

"The appearance docket shows that this case has been before this court at the bankrupt's instance on petitions for review, motions, and applications, about 30 times, and was once heard on various matters in the Circuit Court of Appeals, 149 Fed. 145 [79 C. C. A. 15]. The case is unparalleled in the history of this court for delay and fruitless litigation."

In Re Roadarmour, 177 Fed. 379, 380, 100 C. C. A. 611, 612, when passing on a claim for compensation under alleged employment of counsel to oppose the allowance of certain claims, where the record was silent and the issue was sought to be raised by allegation in the petition for review, Judge Knappen, speaking for this court, said:

"There is nothing in the record presented to us sustaining this allegation. No finding of facts was made, either by the referee, whose order of disallowance was reviewed by the District Judge, or by the judge. * * * The allegation in the petition for review filed in this court is no evidence of such fact; nor is the allegation referred to put in issue. We are confined to the record attached to the petition or sent up in connection with the proceedings to review."

Again, in Re Leech, 171 Fed. 622, 626, 96 C. C. A. 424, 428, when speaking in reference to a claim of exemption, Judge Severens said:

"And in the present case, if there had been an issue upon the question of the transferror's solvency at the time of the transfer, or of reasonable cause to believe on the part of the transferee that the transfer was made with intent to create an unlawful preference, it would have devolved upon the referee, or the judge, to find the facts, so that the reviewing court might apply the law to the facts found by the court whose findings of fact are final. This case is not peculiar in this respect. We have on several occasions experienced the same difficulties."

See, also, Courier-Journal Job-Printing Co. v. Schaefer-Meyer Brew. Co., 101 Fed. 702, 703, 41 C. C. A. 614 (C. C. A. 6th Cir.); Landry v. San Antonio Brewing Ass'n, 159 Fed. 700, 86 C. C. A. 568 (C. C. A. 5th Cir.); Ross v. Stroh, 165 Fed. 628, 630, 91 C. C. A. 616 (C. C. A. 3d Cir.); Steiner v. Marshall, 140 Fed. 710, 711, 72 C. C. A. 103 (C. C. A. 4th Cir.); In re Boston Dry Goods Co., 125 Fed. 226, 229, 60 C. C. A. 118 (C. C. A. 1st Cir.); In re Oakland Lumber Co., 174 Fed. 634, 636, 98 C. C. A. 388 (C. C. A. 2d Cir.); Loveland on Bankruptcy (4th Ed.) § 817.

[2] Even with a proper record, if it should disclose facts accordant with allegations found in the petition for review, it is not perceivable how the relief asked could be granted. The jurisdiction of the bank-

ruptcy court attached to the bankrupt's estate with the filing of the petition, and the title to the estate was by operation of law vested in the trustees as of a date not later than the adjudication (Acme Harvester Co. v. Beckman Lum. Co., 222 U. S. 300, 307, 32 Sup. Ct. 96, 56 L. Ed. ——; Loveland on Bankruptcy [4th Ed.] § 30); and possession is the controlling feature of jurisdiction in the bankruptcy court respecting sales of the bankrupt's real estate (In re McMahon, 147 Fed. 684, 685, 77 C. C. A. 668 [C. C. A. 6th Cir.]). Conceding that the provisions of official form No. 44 were not strictly observed by the trustees, still we think the omissions complained of cannot, in the circumstances made to appear here, be regarded as material. Burke v. Guarantee Title & Trust Co., 134 Fed. 562, 564, 67 C. C. A. 486 (C. C. A. 3d Cir.); West Co. v. Lea, 174 U. S. 590, 599, 19 Sup. Ct. 836, 43 L. Ed. 1098. The petition for review includes copies of several decisions of the court below, and the prayer is to have these decisions reversed and set aside. Judge Sater, when passing on the petition for sale, stated:

"However, it correctly describes the lands, asserts that they were subject to liens, names the lienholders, avers that the trustees did not know the amount of their liens, makes them parties, alleges the necessity for and prays the sale of the lands, and is defective only in that it does not state the estimated value of the lands, or the origin or nature of the liens. All of the lien creditors were named and appeared and set up their claims, or consented to the sale of the property, and the bankrupt repeatedly appeared in the proceedings before the referee, participated therein by many motions, procured a review in this court of substantially every material step taken, bid on the Ross county farm when it was offered for sale, and some of the questions involved in the sale of that farm and one of the Connecticut tracts were reviewed by the Circuit Court of Appeals."

By timely intervention in the court below on the part of the lienors, it might have been urged with some show of reason that the bankrupt's interest in the property was too small to justify the cost and expense of sales proceedings. Indeed, the appraised values stated, and also the prices alleged to have been realized, are in respect of each parcel of the properties materially less than the incumbrances admittedly held against it. Further, counsel for petitioners in his brief for oral argument sums up the situation thus: "It does appear from the record that the interest of the bankrupt, or her equity of redemption, was without value to her estate." It is enough to say of such a situation—in the absence alike of transcript, findings of fact, and complaint of the lienors—that it must be assumed, as against the bankrupt and general creditors, that in the court below some benefit or advantage was expected through the sales to accrue to the general creditors, if not the bankrupt, and that judicial discretion so exercised cannot be reviewed. In re Union Trust Co., 122 Fed. 937, 940, 59 C. C. A. 461 (C. C. A. 1st Cir.); In re Loveland, 155 Fed. 838, 839, 84 C. C. A. 72 (C. C. A. 1st Cir.); In re Harralson, 179 Fed. 490, 492, 103 C. C. A. 70 (C. C. A. 8th Cir.); In re Granite City Bank, 137 Fed. 818, 821, 70 C. C. A. 316 (C. C. A. 8th Cir.); In re Platteville Foundry and Machine Co. (D. C.) 147 Fed. 828, 830.

The order of the court below must be affirmed, with costs.