In re CARTER–WILLIAMS GRAIN & COAL CO.

CARTER v. STOCK.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1924.)

No. 244.

1. **Courts** ☞276—**Failure to object held waiver of privilege of having question determined in another division.**

A resident of St. Joseph, Mo., found guilty of contempt for failing to pay money over to trustee of bankrupt estate pending in the St. Joseph division of the Western district of Missouri, could not complain that the hearing was had in the Western district of Missouri at Kansas City, instead of the St. Joseph division, under Act Feb. 28, 1887, where petitioner appeared in person and by counsel and did not claim the privilege, as the question was at most one of venue.

2. **Bankruptcy** ☞444—**Petition to revise dismissed, where copy of order complained of filed after expiration of six months.**

Where a petition to revise proceedings in a District Court in bankruptcy was filed within the six-months period allowed, but a copy of the order complained of was not filed until the six-months period had expired, the petition is subject to a motion to dismiss.

Petition to Revise Order of the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

In the matter of the Carter-Williams Grain & Coal Company, bankrupt, in, which A. R. Stock was appointed trustee in bankruptcy. Original petition under Bankruptcy Act, § 24b, by George W. Carter, to superintend and revise an order punishing him for contempt. Petition dismissed.

Bart M. Lockwood, of St. Joseph, Mo., for petitioner.

Frank P. Barker, of Kansas City, Mo. (Arthur Miller and Miller, Camack, Winger & Reeder, all of Kansas City, Mo., on the brief), for respondent.

Before LEWIS, Circuit Judge, and SYMES and PHILLIPS, District Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LEWIS, Circuit Judge. [1] This is an original petition under Section 24b of the Bankruptcy Act (Comp. St. § 9608), which gives to this court jurisdiction "to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy." The petition discloses that George W. Carter, a resident of St. Joseph, Missouri, had been ordered to pay over to the trustee of the bankrupt estate of Carter-Williams Grain & Coal Company, then pending on settlement in the St. Joseph Division of the Western District of Missouri, certain sums of money belonging to that estate, and that he had failed to comply with that order within the time limited, that Carter was then served with an order to show cause, returnable December 26, 1922, if any he had, why he should not be punished for contempt on account of his failure to pay over the money as directed, that thereafter and on December 26, 1922, an order was entered adjudging him in contempt for his failure, and he was thereupon committed to jail. The order finding him in contempt is alleged to have been made erroneously as a matter of law and the commitment is said to be invalid, that the former was entered and the latter issued without jurisdiction in the court to do either—because the order to show cause issued out of the Western Division instead of out of the St. Joseph Division of the Western District, and commanded the petitioner to appear before the Judge of the Bankruptcy Court in the Western Division instead of in the St. Joseph Division, and the order of contempt was entered in the Western Division and the commitment issued from that division.

The response of the trustee in bankruptcy alleges that all applications, orders and pleadings complained of were in truth and in fact entered and filed in the cause of Carter-Williams Grain & Coal Company, bankrupt, pending in the St. Joseph Division for the Western District, that Carter was accorded a hearing on the return of the order to show cause and thereupon adjudged to be in contempt for not having complied with the previous order to pay over the money to the trustee. Certified copies of the order to show cause, of the order adjudging Carter in contempt and of the writ of commitment were all filed in the St. Joseph Division, as shown upon the face of them. The order to show cause directed that Carter "appear in this court at 10 o'clock a. m. on December 26, 1922." There was no further designation of the place of appearance. The Marshal's return of service was also filed in that Division. The commitment appears to have been issued by the clerk at the Kansas City office in the Western Division; but he is clerk of the entire district, including all divisions. The statute requires that he shall have a deputy in the office of the St. Joseph Division, and all writs that issue from the office of any division are attested in his name. It thus seems that all allegations of the petition here, that the proceedings in contempt were had in the Western and not in the St. Joseph Division are without support and are contrary to the record. They will be laid to one side. It is alleged, however, that the hearing on the order to show cause was in fact had at Kansas City in the Western Division. But there is no proof of that allegation. The contempt order recites that Carter appeared in person and by counsel and that the cause came on for hearing on the order to show cause, that Carter failed to show cause

why he should not be adjudged in contempt and fined for failure to comply with the prior order, that the court found that all of the moneys which it had directed Carter to pay to the trustee were still in his possession and under his control, that they were the property of and belonged to the bankrupt and were being wrongfully retained by Carter, that he was guilty of contempt of court in not having paid over the moneys; and it was ordered that he be confined in the county jail of Buchanan county until he complied with the prior order and made the payments as directed. The writ of commitment immediately issued.

Let it be assumed as alleged, though not established, that the hearing at which Carter was adjudged guilty of contempt was had at Kansas City in the Western Division and that that proceeding was a suit within the intent and meaning of the Act of February 28, 1887 (24 Stat. 424), establishing the St. Joseph Division, that the Act did not intend that division as a mere convenient arrangement for holding the courts of the district but that it was intended to be a jurisdictional subdivision of the district in which all suits arising in that division should be tried and disposed of at St. Joseph, The L. B. X. (D. C.) 88 Fed. 290; still Carter is without any ground of complaint because of the fact that the hearing was not in that division but in the Western division. For he does not allege nor claim, nor is it shown, that he made any objection to the hearing being had at Kansas City. He did not request that the hearing on the order to show cause be had in the St. Joseph Division. This was a personal privilege to him which he could waive. The record shows that he appeared in person and by counsel, and not having claimed the privilege, he must be held to have waived it. It was at the most a question of venue rather than jurisdiction. General Investment Co. v. Lake Shore Ry., 260 U. S. 261, 272, 43 Sup. Ct. 106, 67 L. Ed. 244; Lee v. C. & O. Ry. Co., 260 U. S. 653, 655, 43 Sup. Ct. 230, 67 L. Ed. 443; Panama Ry. Co. v. Johnson (C. C. A.) 289 Fed. 964, 983; The Willamette, 70 Fed. 874, 877, 878, 18 C. C. A. 366, 31 L. R. A. 715.

[2] There is another and independent ground on which the petition must be dismissed. It was filed within the six months' period allowed, In re Holmes, 142 Fed. 391, 73 C. C. A. 491; In re Thomlinson Co., 154 Fed. 834, 83 C. C. A. 550, but it was not accompanied with a copy of the order complained of. On the expiration of the six months respondent filed a motion to dismiss the petition, for the reason that no copies of the orders referred to therein nor the record of the proceedings which it was sought to have reviewed accompanied the petition. About two months after the six months had expired and before the motion to dismiss could be called up for hearing the petitioner lodged with the clerk of this court certified copies of the record referred to in his petition, which we have considered. The petition was not self-serving. Its allegations were not to be taken as true, it was necessary that they be substantiated by copies of the order and record to be submitted with and as a part of the petition within the six months. The petition was not good without them, and the motion to dismiss was well taken. In re Throckmorton, 196 Fed. 656, 116 C. C. A. 348; In re Roadarmour, 177 Fed. 379, 100 C. C. A. 611; In re Richards, 96 Fed. 935, 37 C. C. A. 634; In re Pettingill & Co., 137 Fed. 840, 70 C. C. A. 338;

Ross v. Stroh, 165 Fed. 628, 91 C. C. A. 616; In re Baker, 104 Fed. 287, 43 C. C. A. 536.

The order holding petitioner in contempt and directing that he be confined until he complies with the previous order to turn over the moneys to respondent should be enforced by the Bankruptcy Court, and the petition is dismissed at petitioner's cost.