## MARY J. WOODS *vs.* JOHN S. KEYES.

Tools, implements a.id fixtures of a milliner, not exceeding one hundred dollars in **value,**
and necessary for carrying on her business, are exempt from execution, under Gen. Sts.
c. 133, § 32, *cl.* 5; and under this head may be included a clock, stove, screen, pitcher and
table-cover, if the jury find them to have been necessary.

If tools, implements and fixtures which are exempt from execution are attached, and are
plainly distinguishable as articles which are exempt from execution, the owner may main-
tain an action against the attaching officer, without first demanding the articles or point-
ing them out to him.

The testimony of a deceased witness, at a former trial, cannot be proved at a subsequent
trial of the same action, without showing the whole of his testimony touching the matter
in controversy.

TORT against the late Sheriff of Middlesex, to recover dam-
ages for the act of Edwin L. Shed, one of his deputies, in attach-
ing certain articles of the plaintiff, which were exempt from
attachment, as tools, implements and fixtures necessary for car-
rying on her business as a milliner. Among these articles were
a clock, a stove, a screen, a pitcher and a table-cover.

At the trial in the superior court, before *Rockwell*, J., there
was evidence tending to show that the officer who made the
attachment told the plaintiff that she might take anything that
was not attachable. The plaintiff never demanded or claimed
any of the articles above named.

At a trial of this case before A. P. Bonney as auditor, Shed was
a witness, and has since died. Mr. Bonney was called as a wit-
ness by the defendant to prove certain statements made by Shed
in his testimony at that trial, and said that he then took minutes
of Shed's testimony, and could not recollect the testimony with-
out referring to his minutes ; that in regard to the testimony
generally, which was taken by questions and answers, his minutes
did not contain the questions, and the answers were not as liter-
ally given ; that in regard to some points he thought he could
give the language of the witness, but he could not perhaps do it
by his memory alone, without reasoning from his general knowl-
edge of the case. Upon the plaintiff's objection, Mr. Bonney's
testimony to the statements of Shed were excluded.

The defendant asked the court to rule that the articles above

**named** were not exempt from attachment; and that, if so exempt, the plaintiff had waived her privilege by her neglect to claim any of the articles when attached by the officer, as being so exempt by statute.

The judge declined so to rule, but ruled as follows: " The question is, Whether the articles were tools or implements necessary for her business as a milliner? The articles were such that, if the jury are satisfied they were necessary in said trade, and actually in use by the plaintiff in said trade, they may find their value from the evidence. It is not necessary for the plaintiff to prove any demand, or pointing out of the tools and implements, in order to sustain the action. If they were necessary, as above stated, and were actually in use as tools or implements in her trade, so as to be plainly distinguishable as such, it is sufficient."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. P. Webster*, for the defendant.

*T. Wentworth*, for the plaintiff.

CHAPMAN, J. 1. The defendant contends that the presiding judge submitted to the jury, as a question of fact, a matter which he ought himself to have decided as a question of law. But we do not think this objection is valid. He decided that the articles enumerated in the bill of exceptions were of such a character as to be exempt from attachment if they were necessary to the plaintiff's business as a milliner, and in actual use by her; and he left it to the jury to decide whether they were thus necessary and in use. The statute (Gen. Sts. *c.* 133, § 32, *cl.* 5) exempts the tools, implements and fixtures necessary for carrying on the trade or business of the debtor, not exceeding one hundred dollars in value. The plaintiff's business of a milliner is within the statute, and the enumerated articles come within the description of " tools, implements or fixtures." *Smith* v. *Gibbs*, 6 Gray, 298. Whether they were necessary for carrying on her business must depend upon the particular methods by which it was carried on; and this must necessarily be determined upon evidence to be addressed to the jury. The court cannot

judicially determine that any one of the articles enumerated could be dispensed with by her. *Howard* v. *Williams,* 2 Pick. 83. *Davlin* v. *Stone,* 4 Cush. 359.

2. The defendant requested the court to rule that the plaintiff had waived her privilege of claiming the articles as exempt from attachment, by her neglect to claim any of the articles when attached by the officer, as being so exempt by statute. The court declined so to rule, and instructed the jury that it was not necessary for the plaintiff to prove any demand or pointing out of the tools and implements, in order to sustain the action. If they were necessary, as had been stated, and were actually in use as tools and implements in her trade, so as to be plainly distinguishable as such, he held that to be sufficient.

If these articles had been so intermingled with the plaintiff's other property that the officer could not distinguish them, a neglect to claim them when the officer was about to attach the whole, might be a waiver. *Clapp* v. *Thomas,* 5 Allen, 158. This point was carefully noticed by the judge, and under his instructions the jury must have found that the articles were plainly distinguishable as tools and implements of the plaintiff's trade. He also ruled correctly that a demand was not necessary in such case. In attaching articles of this character an officer is a trespasser. *Bean* v. *Hubbard,* 4 Cush. 85. *Davlin* v. *Stone,* Ib. 359.

3. The testimony of Mr. Bonney was properly rejected. He was unable to state the language of the deceased witness, or even the substance of it. The rule is settled that when proof is offered of what a deceased witness has testified at a former hearing, it must be not merely of a part of it, or the substance of it, but the whole of the testimony touching the matter in controversy. *Commonwealth* v. *Richards,* 18 Pick. 434. *Warren* v. *Nichols,* 6 Met. 261.                    *Exceptions overruled.*