QUIÑONES, PLAINTIFF AND APPELLANT, *v.* GUTIÉRREZ ET AL., DEFENDANTS AND APPELLEES.

## APPEAL from the District Court of San Juan in an Action of Debt.

No. 2417.—Decided July 14, 1921.

EXECUTION—PROPERTY EXEMPT FROM EXECUTION—PHYSICIAN'S AUTOMOBILE.—Inasmuch as statutes exempting certain properties from execution are remedial in character, they should be construed liberally in favor of the debtor, and the phrase "or other equipment" used in the English text of subdivision 6 of section 249 of the Code of Civil Procedure immediately after the words "one horse with vehicle and harness" should be construed as including an automobile.

The facts are stated in the opinion.

*Mr. R. H. Blondet* for the appellant.

*Mr. L. Márquez* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant in execution seized an automobile belonging to his judgment debtor, who, alleging that he was a doctor in active practice filed a motion that the automobile be declared exempt from seizure. The court decided in favor of the debtor and the complainant creditor appealed, assigning two grounds of error.

One of them was that there is no proof that the debtor was a physician in active practice, the contention being based on the fact that the debtor's original motion for exemption was unsworn. The order disposing of the motion shows that the court heard the parties and hence the presumption arises that the court satisfied itself of the fact that the debtor was a practicing physician as claimed.

Likewise it was incumbent on appellant to show that the lack of an oath to the facts set up in the motion was a matter presented to the court below and also to have presented a statement of the case to show what proof the court had before it at the hearing. If none, that fact.

The order moreover recited in addition to the fact of a hearing that a "first" motion of the debtor was sworn to and that first motion does not appear in the record.

The principal question is whether a physician in active practice is entitled as a debtor to claim exemption on an automobile which he uses for the purposes of his profession. The court below made a careful examination of the question and held with citation of authorities that exemption statutes must be liberally construed in favor of the debtor. We said so in *Laguna* v. *Quiñones*, 23 P. R. R. 358. That was a case where the creditor maintained that only the tools of a barber himself could be considered exempt, but not those used or to be used by his assistants. We said:

"It was held by the Supreme Court of California in the case of *In Re Estate of L. McManus*, 87 Cal. 292, 10 L. R. A. 567, that statutes exempting personal property from execution forced sale are remedial in character and evidently intended to protect the debtor

and enable him to follow his vocation and thus earn a support for himself and family. The general rule now is that such statutes are to be liberally construed to carry into effect the humane purpose designed by the lawmaker. Not only are the statutes given a liberal construction, but the words 'tools and implements' have been held to apply to articles which a strict technical construction would exclude. The court, in the case cited, reviews the previous cases to show the kind of things that would be exempt. In Massachusetts, for example, in the case of *Woods* v. *Keyes,* 96 Mass. 236, a clock, stove, screen, pitcher, and table cover, usual and necessary to carry on the business of a milliner, were held to be included in tools, implements and fixtures; and, incidentally, a barber's chair was therein shown to be exempt as a tool. *Allen* v. *Thompson,* 45 Vt. 472. The idea of a liberal construction of exemption statutes has generally been followed.''

The court below cited, among other authorities, 11 R. C. L. 472.

The essential words to be construed are to be found in section 249, paragraph 6, of the Code of Civil Procedure in English as follows:

''6. Two oxen, two horses or two mules, and their harness; and one cart, wagon, dray or truck, by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster or other laborer habitually earns a living; and one horse with vehicle and harness, or other equipment used by a physician, surgeon or minister of the gospel, in making his professional visits, with food for such oxen, horses or mules for one month.''

The controversy turns principally on the meaning of the word ''equipment'' in the connection used. The appellant, with considerable show of reason, maintains that the main idea of paragraph 6th is to exempt carts and horses and that equipment refers to harness and the like. He also says that the idea of the statute is to protect isolated people who have no other ready means of communication.

For a physician it is evident that the idea of remoteness is not the test, but rather the rapidity and facility by which

he may visit his patients, and if general considerations of this kind are to be invoked, it is evident that a debtor physician could only be deprived of his means of ready communication at the expense of his patients and hence of a certain part of the community.

To support his contention that "equipment" refers to things associated with carts and horses the appellant cites from Waples on Homestead and Exemptions, page 804, as follows:

"A statute exempted 'one cart or truck-wagon.' A peddler had a vehicle on four wheels, with a dasher in front, railing round the top, doors on each side and drawers behind. To assist the court in the construction of the words 'cart or truck-wagon,' the plaintiff's counsel derived truck-wagon, or rather truck, from the French, and the defendant's counsel got it from the Greek, while both appealed to Webster. The court, however, looked at the associated articles exempt by the statute; oxen, horses, mules, ox sled or horse sled, a cart or truck-wagon; and said that the vehicles were 'intended to correspond with the animals used, and all designed as aids to labor rather than traffic.' And so the peddler's shop on wheels was not favored.''

The quotations are from *Smith* v. *Chase*, 71 Me. 164, which we have not at hand.

We, however, following the idea of a liberal interpretation, hold with the court below that the word "equipment" must refer to any other means by which the physician makes his rounds. The translators of the Code into Spanish so understood, for they rendered the word equipment into *"medio de conducción."* To this extent the legislative mind is harmonious with the interpretation put upon the words by the court below. The court cites the following excerpts from Webster:

"Equipment. Act of equipping, or state of being equipped, as for a voyage or expedition. Whatever is used in equipping; necessaries or furnishings as for an expedition or voyage; the articles comprised in an outfit: equipage. * * *"

"Equip. To furnish for service or against a need or exigency; to fit out; to supply with whatever is necessary to efficient action in any way; to provide with arms or an armament, stores, munitions, rigging, etc., as ships or troops."

Also the following from Words and Phrases, Volume 3, page 2432:

"The 'equipments' of a coal mine are all its necessary adjuncts, and include pit mules, which are an essential part of its apparatus, and without which it cannot be operated. Rubey v. Missouri Coal & Mining Co., 21 Mo. App. 159, 169.

"In Act 1876, c. 260, excepting the 'equipments' owned by a charitable or benevolent institution from taxation, such term 'means the visible tangible furniture, fixtures and apparatus on the premises which are usual and necessary for the operations therein conducted.' It may include the library, silverware, and necessary furniture of a college building, but does not include the endowments or investment of the income from which the charitable work is sustained and the expenses defrayed. Appeal Tax Court of Baltimore City v. St. Peter's Academy, 50 Md. 321, 345."

The court also pointed out as indicated in the quotation from *Laguna* v. *Quiñones, supra,* that the word "tools" had received a liberal interpretation and were made to include horses, wagons, sleds and even an omnibus when needed by a hotel keeper, citing 11 R. C. L. 514, as follows:

"In most jurisdictions horses and vehicles are included under express exemptions of statute; but where the statute is not so worded, it may happen that a claim of exemption of a horse and wagon may be made under the contention that these may be considered as tools of trade. The rule is, however, that a horse can not be considered to be a tool, apparatus, instrument or implement of trade. Accordingly it has been decided that a horse used by a physician in his profession is not exempt as a 'tool and instrument,' and that the horses and wagons of one engaged in carting coal are not exempt as 'implements of his trade.' On the other hand there is authority to the effect that an exemption of tools covers a wagon or sled necessary for the carrying on of the occupation of the debtor, and that it covers the wagon and the harness of a horse used by a physician

in visiting his patients, and reasonably necessary for that purpose. Also a harness and buggy in connection with an exempt horse, used by an insurance solicitor in the business are 'tools and implements' used by the debtor for the purpose of carrying on such business. Again, an omnibus owned by a hotel keeper and used by him in his business is exempt from execution, under a statute exempting 'the necessary tools and instruments of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business.' However, a set of harness does not fall within the words 'common tools of trade,' as used in an exemption statute; nor is an automobile exempt as a tool or implement.''

Volume 11 R. C. L., page 521, goes to the point· a little more directly, where it is said:

''A vehicle within a statute exempting to certain classes of persons a team and wagon or other vehicle used in earning a living, has been held to include also a bycicle or an automobile.''

Now while our statute does not use ''or other vehicle'' it does say ''or other equipment,'' and these words in their connection must mean an automobile, because the one horse, vehicle and harness described in the statute are already the equipment of a physician to attend to his patients.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices De] Toro, Aldrey and Hutchison concurred.