QUIÑONES, DEMANDANTE Y APELANTE, *v.* GUTIÉRREZ ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Segunda, en pleito sobre cobro de cantidad.

No. 2417.—Resuelto en julio 14, 1921.

EMBARGO — BIENES EXENTOS DE EJECUCIÓN — AUTOMÓVIL DE UN MÉDICO ESTÁ
EXENTO DE EMBARGO.—Como los estatutos eximiendo ciertos bienes de ejecu-
ción, siendo por su naturaleza reparadores, deben ser interpretados liberal-
mente en favor del deudor, la frase *"or other equipment"* (u otro equipo)
usada en el texto inglés del inciso 6°. del artículo 249 del Código de Enjui-
ciamiento Civil, inmediatamente después de las palabras "un caballo con ve-
hículo y arneses," debe interpretarse en el sentido de incluir un automóvil.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. R. H. Blondet.*
Abogado de los apelados: *Sr. L. Márquez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El apelante en ejecución embargó un automóvil pertene-
ciente a su deudor por sentencia, quien, alegando que era
un médico en el ejercicio activo de su profesión, presentó
una moción para que el automóvil fuese declarado exento de
ejecución. La corte resolvió a favor del deudor y el acree-
dor demandante apeló y alega dos fundamentos de error.

Uno de ellos fué que no hay prueba de que el deudor era
un médico en el ejercicio activo de su profesión, basándose
la alegación en el hecho de que la moción original del deudor
solicitando exención no estaba jurada. La orden resolviendo
la moción muestra que la corte oyó a las partes. Por tanto
surge la presunción de que la corte se convenció del hecho
de que el deudor era un médico en el ejercicio de su profe-
sión como fué alegado. Asimismo, incumbió al apelante de-
mostrar que la falta de un juramento sobre los hechos ex-
presados en la moción fué una cuestión presentada a la corte
inferior y también debió haber presentado una exposición del
caso para demostrar cual fué la prueba que la corte tuvo
ante sí en la vista. Si no hubo ninguna ha debido expresar
ese hecho.

La orden también expresaba además del hecho de una vista, que una "primera" moción del deudor había sido jurada y esa primera moción no consta en los autos. La cuestión principal es si un médico en el ejercicio activo de su profesión tiene derecho como deudor a alegar una exención en cuanto a un automóvil que usa para fines de su profesión. La corte inferior hizo un examen cuidadoso del asunto y resolvió haciendo citas de autoridades que los estatutos que determinan exenciones deben ser interpretados liberalmente en favor del deudor. Así lo dijimos en el caso de *Laguna* v. *Quiñones,* 23 D. P. R. 383. Ese fué un caso en el cual el acreedor alegó que solamente las herramientas propias de un barbero podían considerarse exentas, pero no aquellas usadas o que habían de usarse por sus empleados. En ese caso dijimos lo siguiente:

"Se resolvió por la Corte Suprema de California en el caso de *In re Estate of L. McManus,* 87 Cal. 292, 10 L. R. A. 567, que los estatutos que eximen a la propiedad mueble de ejecución por venta obligatoria son reparadores por naturaleza y el objeto de los mismos es claramente proteger al deudor, proporcionarle el medio de continuar su oficio y ganar así su subsistencia y la de su familia. La regla general ahora es que tales estatutos deben ser interpretados en sentido liberal para llevar a efecto el propósito humanitario que tuvo en cuenta el legislador. No solamente se da a los estatutos una interpretación liberal, sino que se ha declarado que las palabras 'herramientas e instrumentos' son aplicables a efectos que estarían excluídos por una estricta interpretación técnica. En el caso citado la corte examina los casos anteriores para establecer la clase ·de cosas que estarían exentas. Revisando las autoridades, en Massàchusetts, por ejemplo, *Woods* v. *Keyes,* 96 Mass. 236, vemos que un reloj de pared, una estufa, una cortina, un jarro y un cubre-mesa usados y necesarios en el negocio de una modista fueron considerados como comprendidos en las herramientas, instrumentos y dependencias; e incidentalmente se dijo en dicho caso que una silla de barbero estaba excluída como utensilio. *Allen* v. *Thompson,* 45 Vt. 472. La idea de dar una interpretación liberal a los estatutos sobre exenciones ha sido observada generalmente."

La corte inferior citó entre otras autoridades el volumen 11 de R. C. L., 472.

Las palabras esenciales que han de ser interpretadas son las que se enumeran en el artículo 249, párrafo 6, del Código de Enjuiciamiento Civil en Inglés, las cuales son las siguientes:

"*6. Two oxen, two horses, or two mules, and their harness; and one cart, wagon, dray or truck, by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster or other laborer habitually earns a living; and one horse with vehicle and harness or other equipment, used by a physician, surgeon or minister of the gospel in making his professional visits, with food for such oxen, horses or mules for one month.*"

La controversia gira principalmente sobre el significado de la palabra "*equipment*" (equipo) en la relación en que se usa. El apelante, con bastante apariencia de razón sostiene que la idea principal del párrafo sexto es eximir los carros y caballos y que "*equipment*" (equipo) se refiere a arneses y cosas semejantes. También dice que la idea del estatuto es proteger a las personas que no tienen otro medio fácil de comunicación.

En cuanto a un médico, es evidente que la idea de la distancia no es la norma sino más bien la rapidez y facilidad con que puede visitar a sus pacientes y si han de tenerse en cuenta consideraciones generales como ésta es, evidente que un médico deudor sólo podría quedar privado de sus medios de fácil comunicación a costa de sus pacientes y por tanto de cierta parte de la comunidad.

Para sostener su alegación de que "*equipment*" (equipo) se refiere a cosas relacionadas con carros y caballos, el apelante cita de Wapples sobre Casa Solariega y Exenciones, página 804, lo siguiente:

"Un estatuto eximía un carro o carretilla de equipaje. Un quincallero tenía un vehículo de cuatro ruedas con un guardafango enfrente, con baranda en la parte de arriba y en los lados del mismo,

puertas en cada lado y gavetas atrás.    Para ayudar a la corte en la interpretación de las palabras 'carro o carretilla de equipaje' el abogado del demandante hacía derivar la palabra 'carretilla de equipaje' o más bien *'truck'* del Francés y el abogado del demandado la derivaba del Griego y ambos apelaron al diccionario de Webster.    La corte, sin embargo, tuvo en cuenta los artículos enumerados, exentos por el estatuto: bueyes, caballos, mulas, trineos de bueyes o trineos de caballo, un carro o carretilla de caballo y dijo que los vehículos 'tenían por objeto corresponder a los animales que se empleaban' y todos eran para ayudar al trabajo más bien que al tráfico.    Y por tanto la tienda del quincallero sobre ruedas no estaba exenta."

Las citas son del caso de *Smith* v. *Chase,* 71 Me. 164, las que no tenemos a mano.

Nosotros, sinembargo, siguiendo la idea de una interpretación liberal resolvemos con la corte inferior que la palabra *"equipment"* (equipo) debe referirse a cualquier otro medio por el cual un médico hace sus visitas.    Los traductores del Código al Español así lo entendieron, pues tradujeron la palabra *"equipment"* (equipo) por "medio de conducción." Hasta este punto la idea de la Legislatura está en armonía con la interpretación dada a las palabras por la corte inferior.    La corte hace las siguientes citas de Webster:

"EQUIPO (EQUIPMENT).—Acto de equipar o condición de ser equipado, como para un viaje o expedición.    Todo lo que se usa en equipar.    Lo necesario o el apresto para una expedición o viaje; los artículos comprendidos en un equipo; equipaje  *  *  *."

"EQUIPAR (EQUIP).—Suministrar para el servicio, o contra una necesidad o exigencia; armar, abastecer con todo lo que es necesario para la debida acción en cualquier forma; suministrar armas o un armamento; provisiones, municiones, aparejo, etc., como barcos o tropas."

También lo siguiente de la obra "Words and Phrases", tomo 3, página 2432:

"Los equipos (*equipments*) de una mina de carbón son todos sus auxiliares necesarios y comprenden mulas de minas, que son una parte esencial de sus aparatos y sin las cuales no pueden funcionar." *Rubey* v. *Missouri Coal and Mining Company,* 21 Mo. App. 159, 169.

"En la ley de 1876, C. 260, que exceptúa los 'equipos' pertenecientes a una institución de caridad ò de beneficencia de contribución, tal término 'significa los muebles visibles y tangibles, enseres y aparatos de la institución que son corrientes y necesarios para las operaciones que allí se realizan.' Pueden incluir la biblioteca, vajilla y muebles necesarios del edificio de un colegio, pero no incluyen las dotaciones o inversión del ingreso con el cual se sostiene el trabajo de caridad y se sufragan los gastos. *Appeal Tax Court of Baltimore City* v. *St. Peter's Academy,* 50 Md. 321, 345.

La corte también indicó que aparece en la cita que se hace del caso de *Laguna* v. *Quiñones, supra,* que las palabras "herramientas" habían sido objeto de una interpretación liberal y en ellas se comprendían caballos, vagones, trineos y hasta un omnibus cuando se necesitaba por el dueño de un hotel, citándose el tomo 11 R. C. L. 514, como sigue:

'En la mayor parte de las jurisdicciones los caballos y vehículos están incluídos bajo expresas exenciones de estatutos; pero cuando el estatuto no está redactado en tal forma puede suceder que una reclamación de exención de un caballo y vagón se haga por virtud de la alegación de que éstos pueden considerarse como herramientas del oficio. La regla es, sin embargo, que un caballo no puede ser considerado como una herramienta, aparato, instrumento o implemento del negocio. De conformidad con esto se ha resuelto que un caballo usado por un médico en su profesión no está exento como 'herramienta e instrumento' y que los caballos y vagón de una persona dedicada al carreteage de carbón de piedra no están exentos como 'implementos de su negocio.' Por otra parte hay autoridades al efecto de que una exención de herramienta comprende un vagón o trineo necesarios para llevar a cabo la ocupación del deudor, y que comprende el vagón y los arneses de un caballo empleados por un médico en visitar a sus pacientes, y que son razonablemente necesarios para ese fin. También el arnés y calesa en relación con un caballo que está exento, empleado por un agente de seguros en el negocio, son 'herramientas e implementos' usados por el deudor con el fin de llevar a cabo su negocio. También un omnibus perteneciente al dueño de un hotel usado por él en su negocio está exento de ejecución, de acuerdo con un estatuto que exime 'las herramientas e instrumentos necesarios de cualquier mecánico, minero u otra persona que los usa y los tiene con el objeto de llevar

a cabo su oficio o negocio.' Sin embargo, un juego de arneses no está comprendido en las palabras 'herramientas corrientes del oficio' como se emplean en un estatuto de exención, ni tampoco está exento un automóvil como herramienta o instrumento.''

En el tomo 11 de R. C. L. 521 se trata la cuestión un poco más directamente, donde se dice lo siguiente:

"Se ha considerado que el vehículo comprendido en un estatuto que exime para cierta clase de personas un coche de caballos y vagón, u otro vehículo usado en ganarse la vida, comprende también una bicicleta o un automóvil.''

Ahora bien, aunque nuestro estatuto no emplea las palabras ''u otro vehículo'' sí dice *''or other equipment''* (u otro equipo), y estas palabras en su relación deben significar un automóvil, porque el caballo con vehículo y arneses descritos en el estatuto son ya el equipo de un médico para atender a sus pacientes.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.